[19132.   Department Two. — May 4, 1893.]

## GEORGE H. SMITH, APPELLANT, v. LOS ANGELES AND PACIFIC RAILWAY COMPANY, RESPONDENT.

STREET RAILWAY — CONTRACT TO AID CONSTRUCTION — BREACH OF CONDITIONS — ASSUMPTION OF LIABILITY — CONSOLIDATION OF CORPORATIONS — INJUNCTIONS — DAMAGES. — Where a contractor for the construction of a street railway agreed with the owners of land along the route that the road should be constructed and put in operation from the center of the city to a point near its northern boundary, by the time of the maturity of the notes or donations made conditional for the construction of the road between the points agreed, and such railway was constructed across the land of plaintiff, but never completed to the center of the city, and the railway company, for which the contractor acted as agent, and the contractor assigned all their rights to another corporation, which expressly assumed to perform the condition as to the completion of the road, except as to time, whereupon the note of plaintiff was paid, and such second corporation assigned its rights to a third corporation, which also assumed the same obligations, after which the three corporations were consolidated under the name of such third corporation, and excavations and embankments were made upon plaintiff's land, the filling up and removal of which would cost six thousand dollars, the plaintiff is entitled to a decree enjoining the consolidated corporation from entering upon or interfering with the land, and is also entitled to recover from them the sum of six thousand dollars damages for the breach of the contract to complete the road.

ID. — PROXIMATE CAUSE OF DAMAGE. — The detriment caused to plaintiff's land by the excavations and embankments made thereupon in the construction of the

road across it was proximately and efficiently caused by the refusal of the defendant to construct its road to the center of the city as agreed, so as to make a harmonious whole of its line, whereby plaintiff would have been compensated by the increased value of his land for such detriment; and he is entitled to recover for such detriment, where it appears that the total damage to his land exceeded the costs of filling up and removal of such excavations and embankments.

ID. — ASSUMPTION OF LIABILITY BY CONSOLIDATED CORPORATION — ASSENT OF CREDITOR. — Where a consolidated corporation has expressly assumed and made itself liable for all the antecedent liabilities of the consolidating corporations, it cannot be permitted to divide up the obligation and reduce its responsibility; but must be held to be liable precisely as though it had been the sole actor from the outset; and though such assumption of liability does not, without their consent, bind the creditors of a consolidating corporaton, yet suit brought by any creditor thereof against the consolidated corporation, which has agreed to pay the demand, is of itself sufficient evidence of acceptance of the new debtor in lieu of the old.

ID. — MEASURE OF DAMAGE — DIFFERENCE IN VALUE OF LAND. — The difference between the value of the land with the contract consummated, and its value with the same contract broken, is the true criterion of damage for breach of the contract to construct the street railway as agreed.

ID. — SPECIAL DAMAGES — DEPRIVATION OF CONVENIENCE — PLEADING. — The damage resulting to the plaintiff from the deprivation of the convenience of communication between his land and the center of the city is in the nature of special damage, which must be specially pleaded.

ID. — SPECIAL FINDING CONTROLS GENERAL FINDING. — A special finding, showing that part of the damages consisted of special damages not pleaded, will control a general finding of damages in an aggregate sum.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Smith & Winder,* for Appellant.

*Anderson & Anderson,* and *Wilson & Lamme,* for Respondent.

SEARLS, C. — This is an appeal from a final judgment entered in favor of appellant, who was plaintiff in the court below, decreeing the plaintiff to be the owner of certain land, and enjoining defendants from entering upon or interfering therewith.

The cause comes up on the judgment-roll, and the sole question involved relates to the right of appellant to damages in addition to the relief afforded him.

In November, 1866, the Los Angeles and Ostrich Farm Railway Company, a corporation, procured by ordinance of the council of the city of Los Angeles a franchise to construct a street railroad from point A, near the center of the city, to point

C, near its northern boundary. From point A to an intermediate point on the line, which we will designate as point B, the road, when constructed, was to be operated with horse power, and from B to C by steam power. One M. L. Wicks proposed to the company holding the franchise that on certain conditions to be performed by the company and satisfactory to it, and upon the further condition that parties owning land along the line of the proposed route would pay certain sums of money, he would construct the road. This was agreed to by the land-owners, and appellant, who owned a tract of land between points B and C in December, 1886, made to Wicks his note for $750, payable at four months, provided the road should be constructed, equipped and put in operation by the maturity of the note, from point A to point C. A bond with sureties was executed by Wicks for the benefit of appellant and other parties who had given notes or made donations conditional for the construction of the road as specified in the promissory notes. Afterwards the Los Angeles Ostrich Farm Railway Company sold and conveyed all its rights, title, and interest in the road, franchise, etc., to the Los Angeles County Railway Company, a corporation. Wicks, who had been but an agent for the grantor, also assigned all his interest, and the notes of appellant and others were assigned at the same time. Wicks, before the sale and assignment to the Los Angeles County Railway Company, had constructed the road from point B to point C, had entered upon the land of appellant and constructed the roadway over the same, and in doing so made deep cuts and high embankments in such manner as greatly to injure the land. The road from point A to point B has never been constructed.

The Los Angeles County Railway Company, on the third day of October, 1887, entered into an agreement with the appellant and other donors, by which in consideration of the payment of the notes of appellant and others, "and in further consideration of the grants of right of way made by the said parties of the second part," it agreed to do certain things, and among them that the conditions of the notes as to constructing the road should be carried out, except as to time, and it was to be relieved from the consequences of the delay. The note of the appellant, as well as those of the others due at four months,

were thereupon paid.   In consideration of the payment of his
note the company agreed with appellant that it would perform
the obligations specified therein.   Afterwards the Los Angeles
County Railway Company sold, assigned, and conveyed the said
railway, etc., to the Los Angeles and Pacific Railway Company,
a corporation, the respondent herein.

On the eighth day of September, 1887, the three corporations,
hereinbefore named, were duly consolidated under the name of
the Los Angeles and Pacific Railway Company.   Each of the
three corporations, according to the findings of the court,
assumed all the obligations of Wicks, and the second and third
corporation, the obligations of their predecessors to plaintiff,
including the obligation on account of damages in the premises.

Appellant never gave any license or granted any right of
way over his land, except such license as may be inferred from
the language used in his promissory note or agreement of
December, 1886.

The excavations and embankments on appellant's land, made
by Wicks and the Los Angeles and Ostrich Farm Railway
Company, detracted from the value thereof in the sum of eight
thousand dollars, and such damage or deterioration can be obvi-
ated and the value of the land restored only by filling up the
excavations and spreading out the embankments, to effect which
will cost six thousand dollars.   Had the road been constructed
from point A to point C, this damage would have been compen-
sated by the increased value of the land and by the convenience
afforded thereby in communication with the center of the city.
Appellant, according to the findings, has suffered damages in
all aggregating eight thousand dollars.   Respondent, as well as
its predecessors in interest, refused to construct the road from
point A to point B.

The appeal being upon the judgment-roll, we must regard
the findings as conclusive in favor of the assumption that the
defendant is in the position of and subject to all the liabilities
which would have attached to its predecessor, the Los Angeles
and Ostrich Farm Railway Company and its agent Wicks, had
that corporation remained the owner of the property and failed
to execute the contract.   To put it more broadly, the defendant
has assumed the responsibility of all its predecessors in interest.

For the breach of an obligation arising from a contract, the measure of damages, save in excepted cases, "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom." (Civ. Code, sec. 3300.) The detriment must be "proximately caused" by the breach; that is, it must be the efficient cause, the one that necessarily sets the other causes in operation. The causes which are merely incidental, or instruments of some other controlling agency, are not proximate within the purview of the law. Proximate is also defined as immediate, nearest, next in order. "The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental, or instruments of a superior or controlling agency, are not the proximate causes, and the responsible ones, though they may be nearer in time to the result." (*Ætna Fire Ins. Co.* v. *Boon,* 95 U. S. 130.)

Was the refusal of defendant to construct its road from point A to point B, thus making a harmonious whole of its line from A to C, whereby plaintiff would have been compensated by the increased value of his land for the detriment caused thereto by the cuts and fills upon it, the proximate and efficient cause of the injury complained of? Respondent contends that when the construction was completed across appellant's land, the act was legal and proper under an implied license of a contract for its construction; that the injury to appellant was then complete, and as the breach of the contract did not occur until afterward in point of time, until respondent refused to complete the road, the damage cannot be said to have been caused by the breach.

Suppose A, a farmer and the owner of broad acres in need of irrigation, contracts with B, the sole proprietor of water which can be used for such purpose, whereby the latter agrees with the former to construct an irrigating ditch from the center of his land to the source of supply, through which to conduct water. He constructs the ditch across the land of A, and then refuses to complete the contract, and in consequence the ditch is a detriment to the land and must be filled up to restore it to its primary condition. In such a case is not the expense a direct and immediate effect of the breach of the contract? A contracts

with B for the purchase and delivery of goods from the latter, and pays in advance a part of the agreed purchase price. B refuses to deliver the goods. May not A in effect recover the money so paid? It is believed there can be no doubt as to this last proposition, and yet the money was paid in point of time before the breach of the contract to deliver.

A mechanic agrees to make and deliver, at a time specified, a carriage from materials furnished by his customer. Through ignorance or by design he ruins the materials and fails to deliver the vehicle. The value of the materials furnished is an element in the estimate of damages, though the breach occurred upon the subsequent failure to deliver.

In justice to counsel for respondent, it must be said, however, that their objection to the recovery of the damages by appellant, while it involves the consideration above referred to, goes a step further and may be thus stated: —

1. The original contract with appellant was to construct the railroad from point A to point C. Wicks and his principal built it from B to C, and caused all the injury to appellant's land now complained of; for which, but for the consent of the owner, an action might have been at once sustained.

2. The contract of October 3, 1887, by the Los Angeles County Railway Company, being subsequent to the injury, was in fact and effect a contract to finish the road, or, in other words, to construct it from A to B, and therefore a breach of this last contract cannot be made the basis of the damages demanded.

This position on its face seems entirely logical; but when we refer to the contract of October 3, 1887, and to the finding it appears: —

1. That by the contract the Los Angeles County Railway Company expressly agreed to perform all the conditions contained in the notes to appellant and others, as well as those of a bond given by Wicks and others for constructing the road, except that it was not to be held liable for the delay which had occurred in the completion of the work.

2. When appellant thereupon paid his note the new company gave him an agreement binding itself to perform the obligations incurred by the contract of October 3, 1887.

3. The defendant is a corporation resulting from a consolida-

tion with the two corporations which preceded it in interest, and hereinbefore mentioned.

4. The defendant, according to the pleadings found by the court to be true, assumed all the obligations of its predecessors and of M. L. Wicks to the appellant, "including all obligations on account of damages to the plaintiff (appellant) on account of the premises."

Two or more railroad corporations may legally consolidate under the provisions of section 473 of the Civil Code. True, such consolidation does not relieve either of the consolidating corporations from its liabilities. The consolidated corporation may, however, assume and make itself liable for the antecedent liabilities of such consolidating companies (Spelling on Corporations, sec. 108, and cases cited), and while such agreement does not without their assent bind creditors, yet suit brought by a creditor upon a demand so assumed against the corporation which has agreed to pay is of itself sufficient evidence of acceptance of the new debtor in lieu of the old. (*Morgan* v. *Overman S. M. Co.*, 37 Cal. 534.) Viewed from this stand-point, and the case is presented in a different aspect from that assumed by counsel for respondent. The present defendant has absorbed into its corporate entity and stands as the embodiment of all the factors in the problem — is the representative of all the corporations. Coupled with this it has in express terms succeeded to all their responsibilities to appellant. Having of its own volition assumed this position, it cannot be permitted to divide up the obligation and thereby reduce the responsibility. It must be held to be liable precisely as though it had been the sole actor from the outset. The court below found, as before stated, that the damage to appellant's land can only be obviated by filling up the excavations and spreading out the embankments, to effect which would cost not less than six thousand dollars. For this amount appellant was entitled to judgment.

The action, so far as it sounds in damages, is not for a tort in which plaintiff recovers for the injury done to his land as such, but upon a contract; and the question is, what is the condition of plaintiff as a direct consequence of the breach, compared with what he would have occupied had the contract been carried out?

The difference between the value of the land with the contract consummated and the same contract broken is regarded as the true criterion. If in the partial performance of the agreement injury has been done to the land which can be in whole or in part remedied by the expenditure of money, to that extent it becomes an element in the deterioration of value, and as such is to be considered in determining the depreciation; yet, after all, the last analysis brings the whole subject to the question of the difference in value between the contract executed or broken. Upon this basis the court finds generally that plaintiff has been damaged in the sum of eight thousand dollars. Did the findings stop there, a judgment for that sum would be regarded as the true measure of damages; but it does not. There is an additional finding as to the balance of damages showing the basis upon which it is placed, and which, being in the nature of a special finding, must control the general statement, hence the conclusion is reached that as to this residue of damages found by the court, viz., two thousand dollars, made up wholly or in part by appellant's deprivation of the "convenience of communication between the said land and the center of the city," it cannot be determined from the judgment-roll that the court below erred.

Without determining the question whether or not in an action upon a contract a recovery can in any case be had for such cause, it is sufficient to say that if it can, that being in the nature of special damage, it can only be had upon a more full and specific statement of facts than appears in the complaint in this cause.

I am of opinion the judgment should be reversed, and the court below directed to enter judgment in favor of the appellant for six thousand dollars, in addition to the relief heretofore granted.

Haynes, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to enter judgment in favor of the appellant for six thousand dollars, in addition to the relief heretofore granted.

McFarland, J., De Haven, J., Garoutte, J.

Hearing in Bank denied.