## BRADLEY et al. v. PARKER.

### No. 18,141; September 28, 1893.

#### 34 Pac. 234.

**Trial.**—Where a Finding on One of the Issues involved is determinative of the case against plaintiffs, the failure of the court to find on defendant's plea of the statute of limitations as to one of the plaintiffs is not prejudicial to such plaintiff.

**Pleading—Amendments.**—Where the Complaint in an action for conversion describes plaintiffs as heirs of one B., which is merely matter of inducement, an amendment will not be allowed, after trial, so as to count on plaintiffs' rights, as heirs of B., whose estate had not been administered on or distributed, to sue for conversion of property of which they had never been in possession, and which defendant had received under a contract to which plaintiffs were not parties, as such amendment would raise new issues, which would probably require a new trial.

APPEAL from Superior Court, Tulare County; William W. Cross, Judge.

Action by James S. Bradley, Helen Travers and Edwin Bradley against B. G. Parker to enforce a trust. There was a judgment in favor of defendant, and plaintiff James S. Bradley appeals. Affirmed.

E. O. Larkins and Chas. G. Lamberson for appellant; Bradley & Farnsworth for respondent.

SEARLS, C.—This action was brought to enforce a trust against the defendant on account of certain sheep received by him to be kept for the plaintiffs. Defendant had judgment, from which, and from an order denying a motion for a new trial, James S. Bradley, one of the plaintiffs, appeals.

According to the amended complaint, one James H. Bradley died intestate, in the county of Tulare, August 4, 1870, leaving an estate consisting of real and personal property, among the latter of which was fifteen hundred head of sheep. His heirs were Margaret Bradley, his widow, and the plaintiffs herein, who are their children, all of whom were minors at the date of their father's death. At the time of the commencement of this suit, appellant was of the age of twenty-one years, and the other plaintiffs were aged twenty-three years and twenty-six years, respectively. No administration was ever had on the estate of James H. Bradley. About 1877, Margaret Bradley, the widow and mother of plaintiffs, entered into an agreement with defendant, whereby the latter was to take charge of said sheep for said plaintiffs, in trust for them, to render an account of the issues and profits, and to account for all the increase. Defendant took the sheep to Utah about 1878, and, contrary to his trust, traded some of the sheep for cattle, sold some to pay his own debts, sold the remainder, as well as the cattle, and retained the money, and mingled it with his own, and since 1878 has enjoyed the profit thereon, without right, etc. The complaint further avers that, before the trust agreement was entered into, Margaret Bradley had taken possession of certain of the property of the estate, and had given her interest in the sheep to plaintiffs, whereby it is alleged they became the

legal owners thereof. Defendant is averred to have received for the sheep $2,000, which, with the accumulations since 1878, now amounts to $4,000, which sum plaintiffs pray be declared a trust fund, and defendant be decreed to pay with interest, and that he account, etc. It is also alleged that the defendant has never disavowed the trust. The complaint is not verified. The answer denies all the material allegations of the complaint, and pleads the statute of limitations. The cause was tried by the court without a jury, and written findings filed, upon which the judgment was entered. The findings of the court negative all the allegations of the amended complaint charging the existence of a trust relation between defendant and the plaintiffs. The court then proceeds to find that October 1, 1876, Margaret Bradley, the mother of plaintiffs, had in her possession about six hundred and fifty sheep, in poor condition, which she let to defendant for one year; the latter to care for them for one year, and each to have one-half the wool and increase. The winter of 1876–77 was very dry, and in the spring of 1877 feed failed, and defendant, having seven thousand sheep of his own, was compelled to move them, in quest of food. Defendant requested Margaret Bradley to take charge of her sheep, which she did not desire to do; and thereupon a new agreement was made, by which defendant was to take the Bradley sheep with his own, pay himself for the expenses and trouble of their care, and, if anything was left, to pay it to Mrs. Bradley. Defendant started with the sheep for Utah, having in all seven thousand eight hundred, of which all died on the road except three thousand one hundred. The Bradley sheep being very poor, a greater proportion of them died than those of defendant. Defendant sold $200 worth of sheep to pay expenses, among which were some ten to twenty of the Bradley sheep, worth $2 per head. Defendant traded off all the remainder of the sheep—among them, about one hundred and twenty-five head left of the Bradley sheep, worth $2 per head—for one hundred and eighty head of cattle, which he afterward sold for $20 per head, but did not receive the money therefor, the same having been garnished under a writ of attachment against defendant, in favor of the Bank of Visalia, for moneys advanced to defendant, and by him expended in taking the sheep to Utah. The six hundred and

fifty head of sheep belonged to the estate of James H. Bradley, deceased, although defendant was not aware of that fact, he supposing the estate had been closed, and that the sheep belonged exclusively to Margaret Bradley, the widow. The court found against the averment that the sheep had been given to the plaintiffs. The court also found, upon the plea of the statute of limitations, in favor of defendant, and against all the plaintiffs except James S. Bradley. The agreements were both oral. The findings are lengthy and explicit. The foregoing is but a synopsis of them.

It is objected that the court failed to find upon the plea of the statute of limitations as to the plaintiff James S. Bradley. This was of no consequence. The issues upon which the court passed were determinative of plaintiffs' right to recover; and, as a judgment against James S. Bradley necessarily followed those findings, it could not in the least have benefited him had a finding been entered in his favor on that issue: Windhaus v. Bootz, 92 Cal. 617, 28 Pac. 557; Johnson v. Vance, 86 Cal. 130, 24 Pac. 863; Dyer v. Brogan, 70 Cal. 136, 11 Pac. 589; McCourtney v. Fortune, 57 Cal. 617; Porter v. Woodward, 57 Cal. 535; Murphy v. Bennett, 68 Cal. 530, 9 Pac. 738.

Appellant also contends that, although the plaintiffs failed to establish the trust upon which they counted in their complaint, still, as they were entitled to any relief embraced within the issues, plaintiff James S. Bradley was entitled to recover such pro rata of the proceeds from the sale of the sheep belonging to the estate of James H. Bradley, deceased, as the evidence showed him entitled to. Appellant does not attempt to show us what particular sum of money or pro rata share thereof James S. Bradley was entitled to recover. In the light of the new agreement entered into between Mrs. Bradley and defendant before the latter left with the sheep for Utah, and of the fact that all the proceeds arising from the sale of the entire lot of sheep went to pay the expenses incurred, it is not perceived that anything was left to go to the plaintiff designated.

After the trial and before judgment was entered, the plaintiffs asked leave to file a second amended complaint, making Margaret E. Bradley, the mother of plaintiffs, a coplaintiff, and setting out an entirely new cause of action. The court refused leave to so amend, and the action is assigned as

error. The question of amendments to pleadings is one in which much must be left to the discretion of the nisi prius court, and it is only where there is an abuse of such discretion that this court will reverse its action. In furtherance of justice the courts of this state have gone further, probably, in permitting amendments than in those of any other jurisdiction within the Union. In New York, it is said, the real limitation seems to be that the amendment shall not bring a new cause of action: Reeder v. Sayre, 70 N. Y. 190, 26 Am. Rep. 567. In Walsh v. McKeen, 75 Cal. 519, 17 Pac. 673, the court below, during the trial, permitted plaintiff to amend the prayer of a complaint which originally demanded a money judgment so as to include a demand for an accounting and for general relief, thus virtually changing the cause of action from one at law to recover money to an equitable action, and this court sustained its action. It is highly probable that in that and other cases of like import, had the court below refused leave to amend, this court would not have deemed it proper to say the courts have abused the discretion confided to them. Be that as it may, the present case does not fall within any rule calling for a reversal for the reasons indicated. Here the proffered second amended complaint came after the trial had closed, and, while it purported to be an amendment "to correspond to the facts as proven by the testimony in the case," it in fact raised new issues, calling for an answer from the defendant, and which would, in all probability, have required a new trial of the cause. The complaint upon which the action was tried rested upon the trust relation created by contract with defendant for the benefit of plaintiffs—a relation in which defendant was a trustee, and plaintiffs the beneficiaries. It is true, they were described as the heirs of James H. Bradley, deceased. This was merely matter of inducement, and not material. The proffered amended complaint counted upon their rights, as heirs of said James H. Bradley, to the property, and their rights, as such heirs, to maintain an action for the conversion of personal property received under a contract to which they were not parties, which had never been in their possession, and which belonged to an estate upon which no administration had been had and in which no distribution is averred. These questions have not, so far as we are aware, been de-

cided in this state; questions upon which, in the absence of statutory provisions, much discussion has occurred elsewhere, resulting in a diversity of opinion; questions which should not be determined lightly, and without a full opportunity for a hearing pro and con. Under such circumstances, there was no abuse of discretion on the part of the learned court in refusing leave to amend.

The attack upon the third finding of the court is without merit. That finding is to the effect that "all the allegations of paragraph 3 of said plaintiffs' amended complaint are untrue." It then goes on to find that defendant did not agree to take the sheep in trust for plaintiffs, that he never held them in trust, that he never detained or disposed of them in violation of any trust, etc., and then adds, "on the contrary, the facts are as follows," whereupon the whole history of the contract with Margaret Bradley, in relation to the sheep, and what was done with them and the proceeds, are fully set out. The contention of the appellant is that many of the allegations of the third paragraph of the complaint are concededly true; hence, that portion of the finding which we have quoted is erroneous. From a legal standpoint, and in the view which the court took of the testimony, the allegations are not true. The gravamen of the charges is that, pursuant to an agreement, defendant received certain sheep as a trustee of plaintiffs; that, contrary to said trust, he disposed of the sheep and received the money therefor, etc. In this view, the allegations were untrue, and the finding illustrates the transaction clearly by first stating the untruth, and then setting out succinctly the whole transaction. Instead of being subject to criticism, the finding, taken as a whole, affords an example which it would be well for courts to follow more frequently.

The other objections to the findings are not more cogent than those mentioned, and need not be further considered. The evidence was contradictory upon all the material issues. Upon a review of the whole case, we are of opinion the judgment and order appealed from should be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.