## ᵒ RICHARD v. HUPP.

## No. 18,259; September 29, 1894.

### 37 Pac. 920.

**Easement—Plaintiff Constructed a Flume Five Hundred and Sixty-four Feet** long in the bed of a stream to convey the water from his mine. The flume extended four hundred feet on land below, owned by defendant. Eighteen years later, defendant built a dam across the stream, causing the water to flow back, but not further than the limit of his land. Held, in an action to abate the dam as a nuisance, there being evidence that the flume was built as an adjunct to plaintiff's quartz-mill, that evidence that the mill was no longer in operation, and that its condition for many years had been such that it could not be used, was admissible to show an abandonment of any prescriptive easement which plaintiff may have had over defendant's land.

**Easement.—To Establish a Prescriptive Right** to an easement, the user must have been continuous, adverse, under claim of title, and with the knowledge and acquiescence of the owner of the servient estate.

**Pleading.—The Refusal of a Motion to Amend the Complaint,** made after the decision in the case was rendered, to conform with evidence that the erection of the dam by defendant obstructed the flow of debris and tailings from mines above plaintiff's land, was within the discretion of the trial court.[1]

APPEAL from Superior Court, Butte County; E. A. Davis, Judge.

Action by Joseph Richard against John Hupp to abate a nuisance caused by the erection of a dam by defendant flooding plaintiff's mines. Judgment for defendant. Plaintiff appeals. Affirmed.

John Gale for appellant; Warren Sexton and F. C. Lusk for respondent.

---

[1] **Cited** and followed in Grand Central Min. Co. v. Mammoth Min. Co., 29 Utah, 597, 83 Pac. 685, the court quoting the language of Judge White in Warner v. Godfrey, 186 U. S. 365, 46 L. Ed. 1203, as to the injustice a contrary rule would work the defendant in a case persistently litigated for years, upon which matter he has expended time and money only to be deprived of the fruits of a successful resistance at last.

SEARLS, C.—This is an action to abate a nuisance averred to have been caused by the erection of a dam by defendant across a watercourse in Butte county, known as "Little Butte creek," whereby the water of said creek is caused to flow back upon and submerge the quartz mining claim of plaintiff. The cause was tried by the court, without the intervention of a jury, and written findings filed, upon which judgment was entered in favor of defendant for costs. Plaintiff appeals from the judgment and from an order denying his motion for a new trial. Plaintiff, who is appellant here, is, and he and his grantors have been, the owners of and in possession of a quartz mining claim situate and being in section 36, township 24 north, range 3 east, Mount Diablo meridian. Plaintiff and his co-owners, in 1870 and 1871, constructed a flume running from said mine about five hundred and sixty-four feet down the bed of Little Butte creek. Said flume was built in the bottom of a rock cut from two to five feet deep, and the top of the rock cut was from three to six feet below the natural bed of the creek. All of said flume, except one hundred and sixty feet of the upper end thereof, is upon land owned by the defendant. The flume was used by plaintiff and his co-owners to convey water from their mine, and to some extent for placer mining. The mill of plaintiff has not been used since 1873, and the mill has gone to decay. In 1881, third parties, who had a bond from plaintiff, pumped out the mine, and took out some quartz, but, so far as appears, did not work it. The flume went to decay, and, as the court found, nothing is left of it but the ruins in the bed of the rock cut. Defendant is the owner in fee simple of the northwest quarter of section 1 in township 32 north, of range 3 east, Mount Diablo meridian, under a pre-emption settlement and entry made in 1868, and a United States patent issued in 1871 to one Nelson, the grantor of said defendant. There is also evidence and a finding as to the ownership by the defendant of a mining claim on the creek between his patented land and the lower or south line of plaintiff's quartz claim, the ownership of which, however, is unimportant to the decision of the case. In 1888 defendant constructed a dam across the creek upon his patented land, about six hundred feet below plaintiff's mining claim, and a short distance below certain falls in the creek, for the

purpose of diverting the water of the stream for mining and irrigation. The dam so constructed by the defendant is about three feet higher than the crest of the falls, and sets the water back in the stream, but does not overflow or set the water back above defendant's own land, or upon or over the mining claim of plaintiff, or injure it in any manner. That the water so set back overflows a portion of the rock cut in which plaintiff's flume was constructed, but such portion is upon defendant's patented land; and that plaintiff is not the owner thereof, and has no easement in defendant's land, or right to use the same for the purpose of maintaining a flume thereon. The findings are quite full upon all the issues, and are only stated to the extent deemed necessary to an understanding and elucidation of the points made by appellant. At the trial, objection was made by appellant to testimony tending to show the condition of his mine; that it had not been worked since 1873; that the mill building had fallen down; the flume which carried water to the wheel had disappeared; that the wheel and machinery had gone to decay, etc.—which objection was overruled, an exception taken, and the ruling is assigned as error.

The theory of appellant is that the testimony shows an injury inflicted by respondent upon the rights of appellant, which, if permitted to continue, might ripen into a right, and hence the interposition of equity was properly invoked, and that appellant's rights are not to be measured by the value of his property. This argument assumes an existing right in appellant, while a vital question under the pleadings related to the existence of such right. It must be conceded under the evidence that defendant's reservoir did not back the water above his own line or off his own land. If plaintiff had any easement or right of way over defendant's land for his flume it must have been by virtue of a prior appropriation, or by a continuous adverse user for a period commensurate with that fixed by the statute of limitations, viz., for five years. A right acquired by appropriation may be lost by voluntary abandonment. Evidence of nonuser during the period necessary to perfect a prescriptive right tends to show its nonexistence. There was evidence tending to show plaintiff's flume as an appurtenant to his mill and mining claim. Under these circumstances, it was proper to

show that operations at the mill had been discontinued, and that its condition was, and for many years had been, such that it could not be used, not for the purpose of impeaching plaintiff's right to the mine, but to show an abandonment of the right of way, if any, over defendant's land, or such nonuser as would preclude the inference that a prescriptive title ever ripened into existence. A right acquired by prescription to an easement is measured by the extent of the continuous enjoyment, and must be adverse, that is to say, "It must have been asserted under claim of title, with the knowledge and acquiescence of the person having the prior (superior) right, and must have been uninterrupted": Alta Land & Water Co. v. Hancock, 85 Cal. 219, 20 Am. St. Rep. 217, 24 Pac. 645; American Co. v. Bradford, 27 Cal. 361. "In order to constitute a right by prescription, there must have been such an invasion of the rights of the party against whom it is claimed that he would have had ground of action against the intruder": Water Co. v. Hancock, supra; Anaheim Water Co. v. Semi-Tropic Water Co., 64 Cal. 185, 30 Pac. 623. It follows that if the flume ceased to be used, and if the property in connection with which it was used was in such condition that no user of the flume could be had, it was competent to prove such fact to show that a prescriptive right did not, and could not, vest in appellant to have and continue his flume upon the land of respondent.

The cause was brought to trial March 3, 1891, and submitted to the court for decision March 4, 1891. On the fourteenth day of March, 1891, the court filed its written decision directing findings in favor of defendant to be prepared and presented, which findings were filed April 6, 1891. After the decision was announced, and before the findings were filed, but at what precise date does not appear, counsel for plaintiff appeared in open court, and asked leave to amend his complaint so as to conform to the evidence, by averring, in substance, that for many years mining had been carried on upon Little Butte creek; and that in times of high water large quantities of tailings and mining debris have been washed down to and upon plaintiff's claims; and that, by the construction and maintenance of defendant's dam, such tailings were prevented from flowing down the creek as they would otherwise have done, and were caused to lodge upon and cover

plaintiff's claim and flume, whereby he was injured and disturbed in the enjoyment of his property. The court refused to permit the plaintiff to so amend his complaint, to which ruling his counsel in due time excepted, and the ruling is now assigned as error. In the course of the trial, the witnesses, in describing the condition of the stream and the property of the plaintiff, incidentally, as it appears to us, described the conditions of the stream as to mining debris and certain dams above plaintiff's flume which had been carried out by floods and never replaced, by reason whereof the wheel of plaintiff and the flume had been to a greater or less degree submerged and clogged by the debris. The granting or refusing leave to amend under such circumstances and at such a time was a matter in the discretion of the court, with the exercise of which this court will not interfere except in case of abuse. No abuse of discretion is apparent in the present instance. It may well be that the court below saw that, if the amendment was allowed, justice would have demanded that the case be reopened, and a further trial of the new issues created thereby had. Be this as it may, no abuse of discretion is made to appear, and hence no error can be predicated on the refusal. The cases cited by appellant are either without application, or refer to instances in which the leave to amend was sought pending the trial. The case of Bradley v. Parker (decided by this court September 28, 1893), ante, p. 250, 34 Pac. 234, is on all-fours with the case at bar, and what is said there need not be repeated.

Appellant contends that the findings are contradictory, indefinite and inconsistent, and that there is no finding as to appellant's alleged title or right of possession to the flume described in the complaint. We think the findings, taken as a whole, are consistent, clear and comprehensive. They may be in part epitomized as follows: (1) Plaintiff owns the mine. (2) He built the flume in 1870–71. (3) It is five hundred and sixty-four feet long, and all of it except the upper one hundred and sixty feet is on defendant's land. (4) The flume had not been used for ten years. (5) Plaintiff is not the owner of that portion of the flume on defendant's land— that is to say, the lower four hundred and four feet thereof— and has no easement over said land for the purpose of maintaining said flume, and no right to use said land for the pur-

poses of said flume. (6) That the dam does not cause water to flow back on any of plaintiff's property. (7) The dam does not cause water to flow back on plaintiff's flume. (8) The dam does submerge a part of the flume or rock cut, but the part so submerged is the property of defendant, "and plaintiff has no right or interest in or to any part of it." (9) Defendant is the owner, in possession of, and entitled to the possession of all the lands in any wise affected by the waters accumulated, flooded or submerged by said dam. (10) Plaintiff has not sustained any injury or damage. (11) Defendant's title to the land flooded was initiated in 1868, and he constructed the dam in 1888, for a useful purpose, viz., to divert water for mining and irrigating, and is using it for such purposes. There are other findings which are in accord with the foregoing. That the evidence supports these findings we cannot doubt, and that they support the judgment is equally clear. To analyze the evidence and discuss it at length would only lead to the conclusion that plaintiff, without authority or right in him so to do, constructed the lower end of his flume upon the land of plaintiff, and that the evidence was sufficient to authorize the court below to find (1) that the user was not of sufficient duration and sufficiently continuous for five years to give to the plaintiff a prescriptive right to have and maintain the same on defendant's land; or (2) if such prescriptive right was established by user, that the same was lost by abandonment. It follows that the judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.