# YAEGER v. SOUTHERN CALIFORNIA RY. CO.

## L. A. No. 240; December 9, 1897.

### 51 Pac. 190.

**Evidence—Exclusion of Irrelevant Testimony.**—Where, in an action against a railroad company for personal injuries, the jury found that plaintiff had suffered no injury for which he was entitled to redress, he was not injured by the exclusion of evidence to prove certain special damages.

**Evidence—Waiver of Objection.**—An Objection not Made to the introduction of evidence when it is offered is waived, and cannot be considered on appeal.

**Evidence—Medical Expert.**—In an Action for Personal Injuries, where plaintiff had testified to the fracture of the tenth rib, two inches

from the spine, by the accident, it was proper for defendant to show by a medical expert the necessary force to produce such injury, and that it could not have been caused by the accident.

**Evidence—Hypothetical Questions.**—Where Plaintiff's Evidence tended to show that one of his ribs had been fractured by the accident, and that inflammation of the nerves was the result, defendant's theory that fractured ribs could not have been caused by the accident, and that the condition of the nerves came from alcoholism, exposure or another accident, did not present a case for hypothetical questions.[1]

**Evidence.**—When a Witness Answers After Objection to the question, the objection is not available, in the absence of a motion to strike the answer out.

**Appeal.**—When a Notice of Appeal is for "Errors of law occurring at the trial," the appellate court will not consider irregularity in the proceedings of the court, the appeal being made from an order denying a new trial, and such questions not being presented to the trial court on the motion.

**Trial.**—An Instruction to the Jury That, if the Air-brake was properly used to avoid a collision occasioned by the negligence of defendant, and plaintiff was injured by the sudden stoppage of the train, through the application of the air-brake, and not otherwise, they should find for defendant, is a proper instruction, there being evidence to support such a state of facts.

**Trial.**—An Instruction to the Jury, Given at the Request of the Defendant, "that when weaker or less satisfactory evidence is offered, when it appears that stronger and more satisfactory evidence was within the power of the party, and not offered, the evidence offered should be viewed with distrust," was objected to by plaintiff, because not applicable to the case. Held, that if such instruction was not warranted by plaintiff's evidence, but was applicable to the defendant's evidence, it was not error.

---

1 **Cited** and approved in Cordiner v. Los Angeles Traction Co., 5 Cal. App. 405, 91 Pac. 438, where the court held that "to justify a recovery for future consequences the evidence must show with reasonable certainty that such consequences will follow"; and distinguished the case then being considered from the cited one; also from Lenz v. Dallas, 96 Tex. 258, 72 S. W. 59, where objections to abstract questions were sustained on the ground that they were "not confined to the probable effects of the injury."

Cited in Cordiner v. Los Angeles Traction Co., 5 Cal. App. 406, 91 Pac. 438, as falling within the rule that testimony of a medical expert as to future evil consequences of the injury coming to the plaintiff should be confined to such as must come with reasonable certainty.

Cited in the note in 34 L. R. A., N. S., 229, on the liability for injuries to passengers inside a car from sudden starting or stopping of car or train.

APPEAL from Superior Court, Orange County; J. W. Towner, Judge.

Action by Jacob Yaeger against the Southern California Railway Company for damages for personal injuries. Verdict for defendant. Plaintiff appeals from order denying motion for new trial. Affirmed.

H. W. Chynoweth and C. S. McKelvey for appellant; W. J. Hunsaker for respondent.

CHIPMAN, C.—Action for damages alleged to have resulted from a collision on defendant's railroad at the station of Orange. The cause was tried by a jury, and defendant had the verdict. Plaintiff appeals from the order denying motion for a new trial, and on a statement of the case. The complaint alleges that, while plaintiff was a passenger on the car of defendant, a collision occurred at said station, "caused by the negligence of the defendant and its servants; that plaintiff was, through the shock of said collision, thrown against a partition and seat in said car with great force and violence," and, by reason thereof, "was greatly bruised in his body and limbs." As the results of the shock, it is alleged that plaintiff suffered the fracture of a rib, and that his health and strength were permanently impaired. Defendant denies the alleged negligence, and denies that plaintiff was injured in any degree. The evidence is sufficient to support the verdict upon the issues of fact, to wit, whether plaintiff was injured at all, and whether defendant was guilty of any negligence. The questions raised mainly relate to errors of law in excluding or admitting evidence, and in giving or refusing instructions.

1. Plaintiff assigns certain errors in excluding evidence, numbered 2, 3, 5, 8, 20 and 23. They relate to evidence tending to prove special damages. For example, plaintiff was asked what proportion of time he spent in attending to his business (he was engaged in buying and selling and distilling wines and brandy); how long he had been so engaged; what was the nature of the work required in conducting the business; what labor he personally performed. Respondent claims that there was no allegation in the complaint showing special damages, except for services of physicians, and that, in the absence of any such allegation, plaintiff could not

recover for loss of time or profits in business; citing Smith v. Railway Co., 98 Cal. 210, 33 Pac. 53, and other cases. Respondent also claims that the questions were asked for the purpose of showing or enhancing damages resulting from the alleged injury, and, as the jury found that plaintiff suffered no injury for which he was entitled to redress, the answers to the questions would have produced no change in the result, and could not have benefited plaintiff, and therefore there was no error; citing cases, among them Bradley v. Parker, 4 Cal. Unrep. 250, 34 Pac. 234. This case presents a ruling as to failure to find a fact where the court had decided the case upon other determinative issues, and it was held that the failure to find the omitted fact caused no injury. The principle is the same as to the admission of evidence. The jury having found, as we must assume, that there was no damage, plaintiff was not injured by excluding evidence that went to enhance that to which he was found not entitled.

2. Witness Clark, plaintiff's attending physician, had testified for plaintiff that he found plaintiff affected with neuritis —inflammation of the nerves in the region of the alleged injury. He was asked: "And, if it extended upward so as to affect the spinal cord, what, in your opinion, would be the effect upon plaintiff?" An objection was made that the result was too remote and uncertain. The witness had testified also that the tendency of neuritis is to extend upward to the spinal cord. But he had not testified that in plaintiff's case he thought it would so tend upward. We think the question called for consequences too remote and speculative. But, even if admissible, plaintiff was not injured by excluding the evidence, as it related only to the amount of damages, and the jury found by their verdict that plaintiff was not entitled to recover at all.

3. Error is assigned in admitting certain documentary evidence of defendant for identification, and also later on for admitting the documents in evidence. The witness Dr. Clark had testified fully as to plaintiff's injuries, and was his principal medical witness. On cross-examination he was shown (as was plaintiff also when on the witness-stand), for the purpose of identification, the medical examiner's report upon an application by plaintiff on August 18, 1893, six months after the alleged injury, for membership in the Bankers' Alliance of California, a life and accident insurance

company. Dr. Clark was the company's medical examiner at the time. These documents contained statements of both plaintiff and Dr. Clark tending to contradict their testimony at the trial as to plaintiff's physical condition. The objection to their identification by the witness himself was that they were irrelevant and incompetent, and not proper cross-examination. It was proper on cross-examination to identify by the witness himself any written statement made by him contradictory of his testimony given in the case adverse to defendant. Defendant was not called upon at that time to offer the contradictory statements in evidence, nor was it called upon then to inquire into them or cross-examine the witness about them. When the defendant came to its side of the case, it could offer them as impeaching evidence. Defendant did this, and the second objection referred to above was made on the ground that the documents had not been identified sufficiently. They were brought into court by the secretary of the Alliance, and were offered as the documents identified previously by Dr. Clark and plaintiff, and were read in the absence of Dr. Clark from the witness-stand, which plaintiff claims was in violation of section 2054 of the Code of Civil Procedure. This section reads: "Whenever a writing is shown to a witness it may be inspected by the opposite party, and if proved by the witness must be read to the jury before his testimony is closed, or it cannot be read except on recalling the witness." This specific objection was not made when the evidence was offered, and the failure to do so was a waiver of such objection, and it cannot be now considered. Had it been made in time, it might have been obviated: Colton Land & Water Co. v. Swartz, 99 Cal. 278, 33 Pac. 878; Braly v. Reese, 51 Cal. 447, and other cases. The documents, we think, were sufficiently identified by the witness Clark and by plaintiff. The rule as to impeaching testimony, we think, was fully met.

4. Errors noted as numbers 39, 45 and 54 are assigned for admitting certain evidence offered by defendant by medical experts. The point of objection is that the questions did not state facts sufficient as a basis for an opinion; that they did not state the facts elicited in the case in full; that the questions should have been hypothetical, and should have embodied the facts upon which the opinion was desired; or, if the expert had heard all the evidence, then to submit all the

evidence to the expert, assuming it to be true; and that this latter method cannot be resorted to if the evidence is conflicting—in short, that the opinion must be based on the evidence, or upon an hypothesis specifically formed. Plaintiff had introduced evidence tending to prove a fracture—either a complete break, or what is called a "green stick" fracture, of the tenth rib, two inches from the spine. Plaintiff also introduced evidence tending to show that, some time after the diagnosis of a fractured rib, his physician discovered neuritis or inflammation of the nerves which supply the anterior part of the thigh, caused by a blow or compression, and that the lumbar plexus nerves were affected by neuritis. The evidence of plaintiff tended to show that these results came from the accident on the cars, as alleged. Defendant's witnesses were called to rebut this evidence, and to dispute the cause of the neuritis. It was claimed that the force shown by the collision could not have produced the fracture, and also that the neuritis came from alcoholism, or from exposure, or from another accident that had befallen plaintiff. The witnesses had examined the person of plaintiff. The questions put to the witnesses did not raise the legal propositions suggested by plaintiff. They were calculated to disprove plaintiff's theory, as evolved from the answers of plaintiff's witnesses. Defendant's theory was that the injury claimed was exaggerated and false; that the force from the collision could not have produced such injuries as plaintiff described. It did not present a case for hypothetical interrogation. It was competent to show the amount of force necessary to fracture the tenth rib, two inches from the spine— protected, as it was shown to be, by a heavy layer of muscles in a man such as plaintiff—in order to aid the jury in determining the probability of plaintiff's evidence being true. And so, of the neuritis, it was competent to show that there was no necessary connection between it and the broken rib, as plaintiff's witnesses claimed there was. It was not at all necessary to formulate a hypothetical question, embracing all the facts, to show this.

5. Defendant's witness Ross, a medical expert, had examined plaintiff's person, and, with other physicians, had used various tests to determine the nature and extent of the injury. He was asked by defendant's counsel: "What was the result of that examination?" The witness answered: "Basing my

opinion on the testimony I have heard here, and I have heard all on the plaintiff's side—'' The witness was here interrupted by plaintiff's counsel, and an objection made to the witness giving any opinion based on the testimony, as incompetent, and not a proper foundation upon which to base an opinion. The witness answered: ''I believe this slight enlargement is a thickening of the tissues on the right side, caused perhaps by the application of blisters.'' It will be observed that the witness was not asked his opinion upon the testimony of other witnesses. He was asked for the result of his own examination. When he strayed from the question, he was checked by counsel for plaintiff; and it is not clear whether, when he resumed, it was in response to the question, or whether he was still speaking from what he had heard from witnesses. The proper course for counsel should have been to move to strike out as not responsive to the question, which was not done. An examination of the full answer of the witness, however, discloses that he testified in fact from his own observation, and not from what he had heard.

6. Plaintiff places much stress upon exception No. 48, in refusing counsel to cross-examine the medical expert witness Wills, called for defendant, upon the galvanic battery and electricity tests applied on plaintiff's muscles. The fact in controversy was whether atrophy of the muscles showed on the injured side of plaintiff, and these tests were to determine whether any real difference existed between his right and left side. The witness had gone into the subject on direct examination, and had been cross-examined to considerable extent. Finally the court interposed, saying: ''I do not think we need go any further with this subject. I consider that enough has been said upon that subject. I refer to the question of the galvanic battery and electricity.'' Mr. Chynoweth (counsel for plaintiff): ''Note an exception to the court's ruling.'' In the case here the witness had testified in reply to counsel that he got the same reaction on both sides of the plaintiff; that he used the same amount of electricity on both sides, and got the same result. It was at the conclusion of his testimony that the court made the remark complained of, and counsel for plaintiff dropped the witness. The witness had answered the last question put to him. Counsel offered no other question. He made no suggestion to the court that he would like to pursue the discovery as to the effect of

changing the poles of the battery, or that any particular subject need further elucidation. Counsel simply acquiesced in what, at most, was an irregularity or abuse of discretion on the part of the court, reserving his objection. The notice of appeal in this case is for "errors of law occurring at the trial," under subdivision 7, section 657 of the Code of Civil Procedure, whereas the error, if error, was irregularity in the proceedings of the court, or abuse of discretion, etc., under subdivision 1 of that section. The appeal is only from an order denying a new trial, and a question not presented to the trial court on the motion cannot be presented here: Williams v. McDonald, 58 Cal. 527; Stoddard v. Treadwell, 29 Cal. 281.

7. Specification No. 64: The court gave some introductory instructions before taking up those asked by the respective parties, in the course of which the court said: "Witnesses are presumed to speak the truth. This presumption, however, may be repelled by the manner in which they testify, by the character of their testimony, *or by evidence affecting their character for truth, honesty, or integrity,* or by their motives, or by contradictory evidence, and the jury are the exclusive judges of their credibility." The words in italics were excepted to. The objection is that, as an abstract statement of law, the instruction is incorrect; and, as there was no evidence in any manner attempting to impeach the character of any witness for truth, honesty or integrity, the instruction was not relevant to any issue. Numerous cases are cited from courts of other states and this court to the effect that it is error to give an instruction where there is not sufficient evidence to fairly raise an issue of fact to which it relates; that an instruction on an abstract principle, though correct, should not be given. The instruction was a correct general statement of the law, and the language objected to is fully warranted in this case by section 1847 of the Code of Civil Procedure, where the language of the court may be found. There was evidence tending to repel the presumption that certain witnesses spoke the truth, and also affecting their character for truth, honesty or integrity. The cases cited do not apply. The instruction as a whole was also within the provisions of section 2061.

8. Specification 72 claims error in giving defendant's instruction No. 5, because the answer admitted the collision, and

admitted that defendant had agreed to carry plaintiff, and the instruction deprived plaintiff of these admissions by telling the jury that the burden of proof was on plaintiff to prove all the material allegations of the complaint. The instruction was directed to the material issues, and not to the material allegations, of the complaint. There is no issue of fact where the allegation of the complaint is not controverted in the answer: Code Civ. Proc., sec. 590. Plaintiff could have had an instruction informing the jury as to what facts were admitted, but he did not ask it.

9. Defendant's instruction No. 7 is to the effect that if the jury find that the train was in imminent danger of colliding with another train, and such danger was not occasioned by the negligence of defendant or its servants, and that the engineer, to avoid such collision, properly applied the airbrakes, and thus caused a sudden stoppage of the train, and plaintiff was thereby, and not otherwise, injured, the jury should find for defendant. It is objected that the instruction is hypothetical and erroneous, within the rule in Kellogg v. Clyne, 54 Fed. 696, 4 C. C. A. 554; Sturgis v. Kountz, 165 Pa. 358, 27 L. R. A. 390, 30 Atl. 976, and in Re Carpenter's Estate, 94 Cal. 406, 29 Pac. 1101; that the leaving the switch open, and running through it, was negligence, and caused the violent application of the brake; that the instruction attempts to justify the accident, by attributing the injury to the sudden stoppage of the train by the use of the air brake, ignoring the negligence that made this necessary; that justification for accidents arising from negligence must be set up in the answer; that the mere happening of an accident to the train by which injury was inflicted raises a prima facie case of negligence, and the court had no right to assume that the jury might find that the collision was not occasioned by defendant's negligence, for there was no evidence introduced or pleading tending to show want of negligence. Instructions 8 and 9 are met by similar objections. We do not think the case requires us to pass upon the question, much discussed by appellate courts, to wit: When will the courts assume that a prima facie case of negligence has been made out? Appellant's position is that whenever a person enters the cars of a common carrier under contract to be transported to a certain point, and an injury happens to him through some accident to the train, these facts alone raise a prima facie case of

negligence against the carrier, and therefore the instruction was error here, because there was such prima facie case made out. The briefs of counsel on both sides are full of authorities dealing with this question. It seems to us, however, that the instruction does not involve its discussion. In this case the injury was denied in the pleadings, and strongly controverted by the evidence. A prima facie presumption of negligence did not arise upon the pleadings, nor until after plaintiff had testified that he was injured by the collision. The collision, under the circumstances in the case, and the injury being shown, the burden of disproving negligence was cast upon defendant. Plaintiff could rest upon this presumption, or he could introduce evidence of negligence, or he could do both. He chose to rely upon the presumption. Defendant introduced evidence which, it contended, overcame, and which the jury, we may presume, found did overcome, this presumption, and showed that the collision was unavoidable and without fault of defendant, and also that plaintiff was not injured thereby. The issue of negligence was one of fact before the jury. The court, therefore, could not, and did not, assume that negligence was admitted or proved or disproved. Plaintiff seems to claim that it was the duty of the court to treat negligence as admitted, because he had made a prima facie case of negligence. It was simply an issue of fact for the jury, under the evidence, to be treated as any other issue of fact. The instruction properly told the jury to find for the defendant if the collision was not occasioned by the negligence of defendant. The evidence tended to prove that the injury complained of was caused by the use of the air-brake, and not by the collision which followed. The court told the jury that if the air-brake was properly used to avoid the danger of a collision, which danger was not occasioned by the negligence of defendant, and plaintiff was injured by the sudden stoppage of the train through the application of the air-brake, and not otherwise, they should find for defendant. We cannot see that any rule of law was violated in thus instructing the jury. The jury was left to say whether or not the leaving the switch open was in itself negligence, or whether the defendant was at fault in leaving it open. The objection that the instruction related to facts in their nature a justification of defendant, and, no justification having been pleaded, the instruction was error, is without merit. The

evidence as to the injury being caused by the use of the air-brake was admissible under the general denial. Besides, no objection was made to its admission when offered, and defendant had a right to have it considered by the jury.

10. Instruction No. 9, given at request of defendant, is claimed to be outside any issue in the case. It reads: "If you believe from the evidence that the collision referred to by the witness happened by mere accident, without any fault on the part of defendant or its employees, then the plaintiff cannot recover in this action." We cannot perceive but that this instruction substantially, though briefly, stated what appears in more detail elsewhere in several instructions. There is no pretense by anyone that the collision was the result of design, or that it was not accidental. "Without any fault" was equivalent to saying "without negligence." There was certainly evidence tending to show that the collision was accidental.

11. Instructions given for defendant, 13 to 23, inclusive, relate in one way or another to the measure of plaintiff's recovery. It does not seem to us as necessary to notice the principles of law involved in these directions to the jury, inasmuch as we must assume that the jury found there was no injury or damage whatever for which defendant was liable. Conceding error in the law given by the court as to the measure of damage, it could not have prejudiced plaintiff, for the jury did not reach the question of plaintiff's actual damage.

12. Instruction 26, given at the request of defendant, is objected to, because not applicable to the case. It was that where weaker or less satisfactory evidence is offered, when it appears that stronger and more satisfactory evidence was within the power of the party and not offered, the evidence offered should be viewed with distrust. Appellant claims that this instruction was aimed at the plaintiff's evidence, but that in fact there is nothing in the transcript to show that in plaintiff's case there was anything to warrant it. I do not find any very glaring instance of substitution by plaintiff of weaker for more satisfactory evidence within his control; but as much cannot be said for defendant's evidence. Instructions, however, although asked by the respective parties, become, when given, the law as announced by the court, and may be and should be applied to the entire evidence. If

defendant asked for an instruction which in fact was prejudicial to and applied to its own, and did not apply to plaintiff's, evidence, we cannot see that it could injure plaintiff or be error.

13. Instruction 27, asked by defendant, and given, is objected to as singling out and naming two of plaintiff's witnesses, and saying to the jury of them that, if their statements as witnesses were found to be inconsistent with their statements made elsewhere, the jury were at liberty to determine to what extent that fact would tend to impeach their credibility or detract from the weight to be given their testimony. The objection is not to the law as stated, but to pointing out the particular witnesses by name. We do not think that such course is to be commended. The better and fairer practice is to leave the jury, aided by argument of counsel, to make the application. The danger is that, where the court designates certain witnesses by name, the jury may assume that these witnesses alone are to be regarded as within the rule, while there may be others fairly within it, or claimed to be within it. Juries, in doubtful cases, are often inclined to follow intimations given by the trial judge; and, as the jurors are the exclusive judges of the facts, the court should avoid invading this prerogative of the jury, either directly or by implication. In this case, however, we are pointed to no instances where the instruction might apply other than to the witnesses named; and we cannot say that the jury was misled by it, or that it worked injury to the plaintiff. On the whole case, we find no sufficient error to warrant a new trial, and therefore advise that the judgment and order be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For reasons given in the foregoing opinion the judgment and order are affirmed.