NEW-YORK PRACTICE REPORTS. 37

Moule agt. Macedon and Bristol Plank Road Co.

## ONTARIO COUNTY COURT.

Special Proceeding by CORNELIUS F. MOULE, Petitioner, agt. THE MACEDON AND RRISTOL PLANK ROAD Co., Respondents.

A toll gate and gate house of a plank or turnpike road company may be removed under the act of April 9th, 1851, by a county judge, if erected and put up within ten rods of the front of any dwelling house, barn or out house, without the written consent of the owner, where *located* after the act took effect.

The act was passed the 9th of April 1851, and took effect twenty days from its passage, on the 29th of April 1851. And where a Plank Road Company, on the 14th of April 1851, staked out their ground, dug a cellar and got'together materials for building a toll gate and gate house within the limits prohibited by the act, without the written consent of the owner. *Held*, that they had not thereby *located* their buildings before the act took effect. The term " located" was synonymous with " erect and put up," within the meaning of the act.

S. DRAPER, JR., *for Petitioner.*

GEO. WILSON, 2D, *for Respondent.*

MARK H. SIBLEY, County Judge.—The petitioner complains that the respondents have since the first day of May last, erected and put up; upon the highway along which their road runs, " a toll gate and a gate house," within a less distance than ten rods from the front of his dwelling house, without his written consent, and prays an order of removal pursuant to § 2 of ch. 109, pp. 193–4 of the Statute Laws of 1851.

The respondents' answer alleges that those structures were *located* in pursuance of a resolution of the board of directors of the company, by actually staking out the position of the same upon the land, *on the 14th day of April* 1851, digging a cellar and collecting a large portion of the materials for a gate house thereon, *previous* to the 29th *day of that month ;* and that such location was made with the verbal consent of the petitioner.

The facts established by the proofs in the case, to my satisfaction, are, that the toll gate and gate house are erected at the point designated by the resolution of the board of directors, and within *six rods* of the front of the petitioner's dwelling house; that the ground on which the structures stand, was designated and staked

out for their erection thereon, by the duly authorized agents of the respondents, *on the* 14*th day of April* 1851; that a cellar for the gate house was dug and a portion of the materials for erecting the house collected, on the premises so designated, *previous to the* 29*th day of that month;* that the residue of the work of constructing and erecting the said gate and house was performed after that time, and that no *written* consent has been obtained from the petitioner to such location, or erection.

Upon these facts the legal question arises, whether I have jurisdiction of this matter under the 2d section of the act *passed on the* 9*th day of April* 1851, entitled *" an act in relation to plank roads and turnpike roads,* and whether the petitioner is entitled to an order to remove the toll gate and gate house?

No time being specified in the act for its going into operation, its provisions do not take effect until twenty days after its passage. The 2d section is in the following words: " It shall not at any time hereafter be lawful for any plank road company, formed under the said act of May 7th, 1847, or for any turnpike company to put up or erect any toll gate, gate house or other building, within a less distance than ten rods from the front of any dwelling house, barn, or other out house, without the written consent of the owner thereof; and if any toll gate or other such building *shall hereafter be located* by any such company within said distance, without such consent, the county judge of the county in which such building *shall be so located,* shall on application, *order the same* to be removed."

The case turns upon the construction to be given to the phrase *" shall hereafter be located,"* as used in this section of the statute. If, as is insisted by the respondents' counsel, their acts of staking out and digging a cellar and collecting materials upon the premises, previous to the act's taking effect, *located* the toll gate and gate house within the fair intent and meaning of the act, then the location preceded the operation of the act, and I have no jurisdiction over the matter.

In common parlance the word *located* would describe the acts done by the respondents previous to the 29th April, in reference

NEW-YORK PRACTICE REPORTS.          **39**

Moule agt. Macedon and Bristol Plank Road Co.

to the structures; but *locate,* or *located,* are words whose meaning depends upon the connexion in which they are used and the subjects to which they are applied. *Locate,* as defined by the great American lexicographer, is 1st, *" to place, to set in a particular spot or position. 2d, to select, to survey and settle the bounds of a particular tract of land. 3d, to designate and determine the place of—as a committee was appointed to locate a church or a court house." " Located,"* by the same authority, is *" placed, situated, fixed in place."*

The subjects to which this word *located* is applied in the act are the " toll gate and gate house." Were these *" placed, situated, or fixed in a place"* before the 29th of April? If not, then they have been *located* since the act took effect.

If we do not find in the strict meaning of the word any thing to control the construction, we must look into other parts of the law and ascertain the sense intended by the legislature. The design of the section under consideration was to prohibit the doing of an act injurious to the citizen, and to provide a remedy in case the thing forbidden is done. The *prohibition* is that the company shall not " *erect* or *put up* any toll gate, gate house, or other building," within ten rods of the front of any dwelling house, &c., without the written consent of the owner, after the act of the 9th of April took effect.

The *remedy* intended to be given for any violation of this prohibition is an order for the removal of the unlawful structures.

The judge is expressly commanded by the statute to order the removal of the building, &c. which shall be located by the company within the prescribed distance after the statute takes effect. *" If any toll gate or other such building, shall hereafter be located by any such company within said distance, without such consent, the county judge of the county in which such building shall be so located, shall on application order the same to be removed."*

If, as is contended by the respondents' counsel, the word *located* as used in the statute, means simply a designation, and fixing upon the spot for a building, or even the digging of a cellar for one, then there would be nothing upon which the order could operate, for neither the site or cellar could be removed.

Moule agt. Macedon and Bristol Plank Road Co.

The subjects against which the order is to run, are the structures, or erections upon the land, and if these are *located, placed, situated, or fixed in place*, after the act took effect, it is the duty of the judge to remove them.

Besides, this is obviously a remedial statute, and must be liberally interpreted for the prevention of the evils at which it is aimed, and for the redressing of the wrongs thereby prohibited. The *wrong*, as I have before remarked, is to " erect or put up" the structures named within an inconvenient or injurious distance of other buildings. And whether.I look at the definition of the word " *located*," the subjects to which it is applied in the act, the connections in which it stands, or the whole scope and purpose of the section, I am constrained to say that upon reasonable and sound construction, the word *located* was employed by the legislature in reference to, and synonymously with, the antecedent words " *erect, or put up*," and such is its legal import as it stands in the statute, as the toll gate and gate house in question were " *located, erected or put np*"[2] since the 29th of April last, it is my duty to grant an order for their removal.

Nothing appeared before me at the hearing to induce a doubt that the proceedings of the officers of the company have been conducted in good faith, and under the supposition that they were acting upon their rights, with the implied, if not express verbal assent of the petitioner. But it is quite clear that even according to their own construction of the act, they offended against its *spirit* in *erecting* the building after the legislative prohibition; and the structures having been erected and put up after the act went into operation, I do not see how they can be maintained there against other legal proceedings for their removal, even if the location preceded the operation of the statute. But in my judgment, the case is clearly within the remedial provisions of the second section of the statute.

An order must, therefore, issue for the removal of the toll gate and gate house to a distance of at least ten rods from the front of the petitioner's house, and the respondents must pay the costs of the proceedings.