[No. 9348.   Department Two. — July 13, 1886.]

J. S. DYER, APPELLANT, v. M. BROGAN, RESPONDENT.

STREET ASSESSMENT — ACTION TO ENFORCE — RECORD OF SUPERVISORS — EVIDENCE TO IDENTIFY. — In an action to enforce an alleged street assessment in the city and county of San Francisco, parol evidence is admissible to show that a certain document, offered by the plaintiff as the record of the board of supervisors ordering the work upon which the assessment was founded to be done, was not in fact a record of the board, and that the true record did not authorize the work.

ID. — FINDINGS — OMISSION OF WHEN IMMATERIAL. — Where a finding made is conclusive against the right of the plaintiff to recover, findings upon other issues are unnecessary to support the judgment against him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. M. Wood,* and *J. C. Bates,* for Appellant.

*Taylor & Haight,* for Respondent.

FOOTE, C.—The plaintiff sued to recover judgment on a street assessment.

The only finding of the court below was: "That the board of supervisors of the city and county of San Francisco did not, on the fourteenth day of November, 1876, or at any other time, adopt or pass any resolution ordering the street work mentioned in the complaint to be done, and that said street work, viz., the grading of Vallejo Street from Larkin to Polk Street, was never ordered by said board to be performed, by resolution or otherwise. And as a conclusion of law, I find that defendant, M. Brogan, is entitled to judgment for his costs, and the clerk is hereby ordered to enter judgment accordingly."

Judgment for the defendant followed in accordance with that finding.

From the former, and the order denying him a new trial, the plaintiff appealed.

The main points urged here by the plaintiff are, that the evidence did not justify the finding, and that parol evidence was improperly admitted to vary the records of the board of supervisors of the city and county of San Francisco.

The principal defense set up by the defendant in his answer was, that said board had never ordered the street work to be done for the cost of which the action against him was being prosecuted.

It appears from the evidence that the record kept by

the clerk of that board from 1867 and continuously up to the time of the alleged ordering of the work in controversy was, for convenience, done by posting into a book the printed slips from the Daily Examiner (a newspaper doing the printing by contract under the street law) of the resolutions of intention, ordering street work, and notices for bids; that the record in reference to the work in hand was made up in that way.

That the resolution under which this work was alleged to have been ordered to be done had several pieces of other work (as printed in it) erased by drawing blue pencil marks through, "and as to work for grading Vallejo Street from Larkin to Polk Street," the blue pencil was drawn through also. That the erasures *were there prior to the board's passing the resolution,* and that the deputy of Mr. Russell, the clerk of the board of supervisors, Mr. Forman, placed the word "stet" opposite the words struck out, as a guide to the printer that he should disregard the striking out of said words, but at what time he did so is not distinctly ascertained.

It appears also that after this time that deputy placed in the record-book, without any authority from the board of supervisors, a printed order which contained the clause stricken out, and was with that exception exactly in the language of the one first placed upon the record.

The plaintiff's contention is, that the proof shows the first order to have been duly made, including the work on Vallejo Street from Polk to Larkin, and that the deputy clerk was only doing his duty when he placed on record a printed slip of the order which contained the words which, *according to Mr. Russell's testimony, had been stricken out before the board made that order.*

Under such a state of facts, we are of opinion that the trial court was justified in believing that said board of supervisors had never ordered the street work to be contracted for or performed, as claimed in the action, and therefore its finding was proper.

When such a finding was made, conclusive as it was against the plaintiff's right of action, findings upon other issues were not necessary.

We perceive no error upon the part of that tribunal in its admission of testimony.

That offered by parol on the part of the defendant was not for the purpose of contradicting *the* record of the board of supervisors; it was for the purpose of showing that which the plaintiff claimed to be that record was not such record, and that *the true* record did not authorize the street work done by the plaintiff. Such testimony was for the purpose of showing which of two that record was, and to uphold it.

It is not admitted that there was but one record; and where two are claimed to exist, one true and the other false, how else upon occasion would it be possible to determine which is the true one, unless the custodian thereof, or other person knowing the facts, may be heard upon his oath to declare which it is?

"A record is conclusive evidence; but what is or is not a record is matter of evidence, and may be proved by other facts, otherwise there would be no remedy." (*Brier* v. *Woodbury*, 1 Pick. 363.)

The deputy clerk of the board of supervisors was not clothed with any power to correct a record, even if it had been shown, as it was not, that he made the correction in accordance with the true state of the facts.

And to say that such an officer may of his own motion make such an alteration of a record, and then claim that he cannot be shown to have done so, even although he did it without evil intent, is to place him in the position of being able, through a mistaken opinion of the law and facts in a given matter, to override and nullify the solemn act of a board of supervisors in making an order within its jurisdiction alone.

There is no prejudicial error shown by the record, and the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.