[No. 13028. In Bank. — July 4, 1889.]

S. A. WILLIAMS ET AL., APPELLANTS, *v.* W. S. HALL ET AL., RESPONDENTS.

PLEADING — CONSIDERATION — WRITTEN CONTRACT SET FORTH IN FULL. — In California every written contract imports a consideration. And if the contract is set forth in full in the pleading, it is not necessary to allege a consideration.

FINDINGS BY REFERENCE TO PLEADING. — A general finding that all the allegations of the complaint are true, and that all the averments of the answer are untrue, is sufficient, if the pleadings are sufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wells, Guthrie & Lee,* for Appellants.

*W. S. & I Hall, in pro. sese,* for Respondents.

HAYNE, C.—The transcript in this case is improperly entitled. The plaintiffs in the court below are put as the defendants on appeal, and the defendants in the court below are put as the plaintiffs on appeal.

Under our system this is improper and confusing. (*Simpson* v. *Applegate*, 75 Cal. 345.)

The action was upon a contract for the payment of money; judgment was given for the plaintiffs, and the defendants appeal. The first point is, that the complaint does not allege that there was a consideration for the contract. But in the first place, we think that a consideration is alleged. By their contract the defendants acknowledged themselves to be indebted to plaintiffs in a certain sum, and promised to pay the same. And it is alleged that "the said obligation and indebtedness was made and executed by the said defendants, Williams and Adams, as final settlement of accounts for transactions in real estate between them and the plaintiffs and defendant Frank Berton, and for good, valid, and substantial consideration." And in the second place, the contract was in writing and was set forth *in hæc verba*, and in such case it is not necessary to aver a consideration. Under the code every written contract imports a consideration as much as if it were a promissory note (Civ. Code, secs. 1614, 1615); and therefore it is not necessary that a consideration should be specifically averred. (*Winters* v. *Rush*, 34 Cal. 136.)

The next point is, that the general finding that all the allegations of the complaint are true, and all the averments of the answer are untrue, is not sufficient. But it is well settled that it is sufficient. (*Gwinn* v. *Hamilton*, 75 Cal. 266; *Johnson* v. *Klein*, 70 Cal. 186.) In addition to this, the findings dispose of all the material issues specifically.

The only other point is, that the judgment was for one dollar *less* than authorized by the findings. The appeal

is entirely destitute of merit, and was evidently taken for delay.

We therefore advise that the judgment be affirmed, with twenty per cent damages.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed, and it appearing to the court that the appeal herein was taken for delay, it is ordered that there be added to the costs twenty per cent of the amount of the judgment as damages, by virtue of the provisions of section 957 of the Code of Civil Procedure.