[No. 12991.  In Bank. —December 31, 1891.]

# CHARLOTTE WINDHAUS, APPELLANT, v. ADAM BOOTZ ET AL., RESPONDENTS.

92  617
95  619
92  617
102  319
92  617
104  223
92  617
109  671
92  617
115  76
92  617
126  652
92  617
144  16

FRAUDULENT CONVEYANCE— DEEDS: OF GIFT — INSOLVENCY. — In an action by a judgment creditor to set aside, as fraudulent and void as against creditors, deeds of gift of real property made by the defendant to his wife and daughters more than five years before execution upon the judgment was returned unsatisfied, a finding that the transfers were made without any intent to defraud creditors will not be set aside as not sustained by the evidence, where there is no proof of the insolvency of the defendant at the date of the transfer.

ID. — UNSATISFIED EXECUTION — PRESUMPTION OF PREVIOUS INSOLVENCY. — The fact that the execution had been returned by the sheriff unsatisfied, five years after the conveyances were made which were sought to be set aside, does not raise the presumption that the defendant was insolvent at the date of the transfers.

ID. — PRESUMPTION OF CONTINUANCE — PAST FACT NOT PRESUMED. — The law presumes a fact continuous in its nature and character, when once established by proof, to continue, and in the absence of evidence to the contrary, legally infers therefrom its subsequent existence; but such a presumption never runs backwards, and the law never presumes, from proof of the existence of present facts, that the same facts existed many years previously.

ID. — WANT OF CONSIDERATION — PRESUMPTION OF FRAUD. — A conveyance of land is not prima facie or presumptively fraudulent as against existing creditors merely because it is not made for a valuable consideration.

ID. — FRAUDULENT INTENT— QUESTION OF FACT. — Fraudulent intent is indispensable to be alleged and proved in an action to set aside a deed of gift as a fraud upon creditors, and such intent is a question of fact, and not of law.

FINDINGS — FAILURE TO FIND UPON ISSUES — ISSUE CONTROLLING JUDGMENT. — The failure of the trial court to find upon all the material issues raised by the pleadings is not prejudicial error, where the court finds upon an issue the determination of which controls the judgment, and where a finding in favor of the appellants upon every other issue would not justify a contrary judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*F. J. Castelhun,* for Appellant.

The facts proved in this case are sufficient to warrant an inference of fraud, and fraud should be presumed.

(*Burt* v. *Timmons*, 29 W. Va. 441; 6 Am. St. Rep. 666; *Purkitt* v. *Polack*, 17 Cal. 327; *Belden* v. *Henriques*, 8 Cal. 88; *Butler* v. *Collins*, 12 Cal. 464; Bump on Fraudulent Conveyances, 274, 275, note 2.) To rebut the presumption of fraud, the proof must be full and satisfactory. The donee must show a case not only without taint, but free from suspicion. (*Swartz* v. *Hazlett*, 8 Cal. 118.) As to the proof of insolvency, that was unnecessary. (*Carson* v. *Golden*, 36 Kan. 705.) •But if the proof were necessary, it was made, for an execution returned *nulla bona* is equivalent to an averment of insolvency. (*Hager* v. *Shindler*, 29 Cal. 59; *Hickox* v. *Elliott*, 27 Fed. Rep. 845.) Even if Bootz retained property equal in value to his indebtedness, yet the transfers were fraudulent, as the sequel shows that the property retained was not sufficient to discharge all his liabilities. (*Marmon* v. *Harwood*, 124 Ill. 104.)

*H. H. Lowenthal*, for Respondents.

The court found that the deeds were not made to defraud plaintiff, and as such fact was the only essential fact in the case, the failure of the court to find upon the other issues was not error. (*Dyer* v. *Brogan*, 70 Cal. 136, 139; *People* v. *Center*, 66 Cal. 551; *McCourtney* v. *Fortune*, 57 Cal. 617; *Robarts* v. *Haley*, 65 Cal. 397, 402; *Cal. S. R. R. Co.* v. *S. P. R. R. Co.*, 67 Cal. 59, 65; *Murphy* v. *Bennett*, 68 Cal. 528, 529.) The question as to whether the particular transfer in this case was intended to defraud is one of fact, and not of law. (Civ. Code, sec. 3442; *Read* v. *Rahn*, 3 West Coast Rep. 150; *Harris* v. *Burns*, 50 Cal. 140; *Jamison* v. *King;* 50 Cal. 137; *McFadden* v. *Mitchell*, 54 Cal. 629; *Miller* v. *Stewart*, 24 Cal. 502;) Hence the burden of proof is upon plaintiff to show that such transfers were made fraudulently, and for the sole purpose of defrauding, hindering, and delaying his creditors. Inadequacy of consideration is not of itself sufficient to avoid a transfer. (*McFadden* v. *Mitchell*, 54 Cal. 629.) It is not sufficient for plaintiff to show that the transfers were made without consideration, and that she

was a creditor antecedent to or at the time of such transfers, but she must show that the transfers were intended by defendants, at the time of their execution, as a fraud upon the creditors of the said defendant, which in this case she has entirely failed to do, and in the absence of such proof, her case must fall. (*Harris* v. *Burns*, 50 Cal. 141; *Jamison* v. *King*, 50 Cal. 137; *Dygert* v. *Remerschnider*, 32 N. Y. 629; Roper on Husband and Wife, sec. 7, pp. 307, 308.) If a voluntary transfer is valid in law at the time of making, it will not be rendered fraudulent or invalid by subsequent events by which the grantor becomes insolvent. (See *Richardson* v. *Daggett*, 4 Vt. 339; *Holley* v. *Adams*, 16 Vt. 209; Wait on Fraudulent Conveyances, c. 92.) To vitiate such a transfer, a single debt will not do, but the grantor must be insolvent at the time of making the conveyance. (*Such* v. *Wilkinson*, 5 Ves. 384; *Hinde* v. *Longworth*, 11 Wheat. 199.) A voluntary conveyance cannot be set aside, even by existing creditors, unless it rendered the grantor insolvent at the time he made it, and in such case the consideration of natural love and affection will support the transfer, although it be a voluntary one, against creditors. (See *Verplank* v. *Sterry*, 12 Johns. 536; 7 Am. Dec. 348; *Jackson* v. *Town*, 4 Cow. 599; 15 Am. Dec. 405; *Jackson* v. *Post*, 15 Wend. 588; *Plauk* v. *Liberman*, 3 Barb. Ch. 644.) Only prior creditors can have a transfer set aside, and then only when the grantor was insolvent at the time of making the transfer. (See *Jencks* v. *Alexander*, 11 Paige, 619.) The mere fact that the deed was voluntary was not sufficient to constitute the conveyance fraudulent. (*Swartz* v. *Hazlett*, 8 Cal. 118.)

GAROUTTE, J. — This is an action by a judgment creditor to have certain deeds of gift of real property, made by respondent Adam Bootz to his wife and daughters, set aside as fraudulent and void against creditors. The court made many probative findings, and also found as an ultimate fact that the transfers were not made with intent to defraud creditors, and thereupon rendered judg-

ment for defendants. This is an appeal from that judgment, and the order denying a motion for a new trial.

The principal error relied on by appellant is, that the evidence is insufficient to support the finding that "the transfers were not made with intent to defraud creditors." The respondents presented no evidence to the trial court, and that introduced by appellant is neither full nor satisfactory, and is practically as follows: —

One Severin testified that in 1879 Bootz owed him three thousand dollars upon a certain promissory note, and at the end of the year 1880 he owed about one thousand dollars upon the note; he continued: "I needed money, and asked him for it; he told me to transfer the note. I afterwards borrowed one thousand dollars from Mrs. Windhaus, the plaintiff in this action. This lady and I went out to Bootz's Park. I asked Mr. Bootz for the money. He told me he had the money, but he wanted to make some improvements, and wanted to keep as much money back as possible. I told him to pay as much as possible. He said he could pay two hundred dollars, and with the balance he wanted to build a shed. I asked her (Mrs. Windhaus) if she was satisfied. She said: 'If there is no help any other way, we have to be satisfied then.'"

It seems the indebtedness was then transferred from Severin to Mrs. Windhaus, Bootz paying her two hundred dollars, and giving her his note for eight hundred dollars, payable in six months. This transaction occurred September 12, 1882, and it appears that during the year 1882 he and his family were conducting a saloon, restaurant, and lodging-house upon Pine Street, in the city of San Francisco, although the record is silent as to what capital was invested in that business.

The plaintiff, Charlotte Windhaus, corroborated the testimony of the previous witness as to the facts occurring at the interview at Bootz's Park, and further testified that after the eight-hundred-dollar note became due she demanded its payment several times without avail.

She brought suit upon it May 10, 1885, recovered a judgment, and execution was issued August 21, 1886, and returned by the sheriff wholly unsatisfied. The deeds to the various parcels of realty were deeds of gift made by Adam Bootz to his wife and daughters, dated May 27, 1881, November 7, 1881, and April 8, 1882.

From the foregoing statement of the facts, we are not disposed to disturb the findings of the court that " the transfers were made without any intent to hinder, delay, and defraud creditors."

In the case of *Judson* v. *Lyford*, 84 Cal. 505, this court set aside such a finding of the lower court for lack of support in the evidence, but from a comparison of the evidence it can readily be seen that that case is not this case. Aside from other incriminating circumstances existing there, two all-controlling facts appear which are not visible here, to wit: defendant conveyed away all his property, and at the time was practically insolvent. In the case at bar there is nothing to indicate but that respondent Bootz, at the time of these transfers, retained ample property to meet his obligations; neither is it shown that any other obligations were outstanding against him, nor that this indebtedness was more than a mere *bagatelle* as compared to his assets.

Even conceding that the return of an execution *nulla bona* five years after these conveyances were made by Bootz would be some evidence that he was insolvent at the date of the transfers, still, his acts subsequent to these transfers, in paying interest upon the note and in paying a considerable portion of the principal, would seem to neutralize whatever effect could be given such fact. But aside from that, we are unable to perceive any tenable ground upon which the presumption can be based, "that a man insolvent now is presumed to have been insolvent five years ago." It can only be upon the principle that once a millionaire always a millionaire, or once a bankrupt always a bankrupt. In these pushing, busy times, fluctuations in a man's financial condition are probably the general rule, and, aside from that,

presumptions never run backwards. In *Inhabitants of Hingham* v. *Inhabitants of South Scituate,* 7 Gray, 232, the court said: "The law presumes that a fact, continuous in its nature and character, like domicile, possession, or seisin, when once established by proof, continues; and in the absence of evidence to the contrary, legally infers therefrom its subsequent existence. But we know of no rule of law which permits us to reason in an inverse order, and to draw from proof of the existence of present facts any inference or presumption that the same facts existed many years previously." (See also *Chandler* v. *Jamaica Pond Aqueduct,* 122 Mass. 307.)

Appellant insists that a voluntary conveyence is *prima facie* or presumptively fraudulent as against existing creditors; but such is not the law in this state, however courts of other states, and text-writers upon the subject, may hold. We have had occasion, in the recent case of *Bull* v. *Bray,* 89 Cal. 286, to give this and kindred questions very careful consideration, and appellant's position is not in consonance with the law as there declared. Indeed, such contention is directly antagonistic to that portion of section 3442 of the Civil Code, which says, "Nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration." *Threlkel* v. *Scott,* 89 Cal. 353, decides that an allegation of fraudulent intent is indispensable to a complaint in this character of action. And section 3442 of the Civil Code declares that the question of fraudulent intent "is one of fact, and not of law." It therefore appears from these authorities and the section of the code cited that presumptions of law as to the fraudulent intent of a grantor have no standing under the laws of this state.

Appellant insists that the court failed to find upon *all* the material issues raised by the pleadings. Conceding such to be the fact, no injury could result to her by such failure. The ultimate fact in this case was, whether or not these transfers were made with intent to defraud

creditors. All other issues revolved around that fact. Its determination controlled the judgment. It may be conceded that appellant is entitled to a finding in her favor upon every other issue; still, such findings would not justify a contrary judgment. (*Porter* v. *Woodward*, 57 Cal. 535; *McCourtney* v. *Fortune*, 57 Cal. 617; *Murphy* v. *Bennett*, 68 Cal. 528; *Dyer* v. *Brogan*, 70 Cal. 136.)

For the foregoing reasons, let the judgment and order be affirmed.

DE HAVEN, J., SHARPSTEIN, J., HARRISON, J., PATERSON, J., and McFARLAND, J., concurred.

Rehearing denied.