### CLARK v. OLSEN et ux.

### No. 18,090; June 3, 1893.

#### 33 Pac. 274.

**Fraudulent Conveyance from Husband to Wife.**—Where, in an action to set aside a conveyance from a husband to his wife as fraudulent as to plaintiff, a creditor of the husband, the evidence plainly supports a finding that the conveyance was not made with such intent, a judgment for defendants, based on such finding, will not be disturbed.

**Pleading—Sham and Irrelevant Parts.**—It was not reversible error to refuse to strike out certain parts of the answer as "sham, irrelevant, and redundant," where they could have no effect upon, and were not necessary to support, the judgment.

**Fraudulent Conveyance—Evidence.**—It was not Error to Exclude certain letters written by defendants to plaintiff, offered to show the financial condition of defendant husband, where the complaint alleged the husband's insolvency, and the answer did not deny it.

APPEAL from Superior Court, San Joaquin County; Joseph H. Budd, Judge.

Action by Howell Clark against A. S. Olsen and wife to set aside a conveyance from said Olsen to his said wife on the ground that it was made with intent to delay, hinder and defraud plaintiff, a creditor of said Olsen. Judgment for de-

fendants. From an order denying his motion for a new trial, plaintiff appeals. Affirmed.

S. Salon Holl and Carter H. Smith for appellant; F. T. Baldwin and Baldwin & Campbell for respondents.

VANCLIEF, C.—The defendants are husband and wife, and this action is in the nature of a creditors' bill in equity, to set aside two conveyances of a certain tract of land (about three hundred and twenty-seven acres) situate in the county of San Joaquin, made by A. S. Olsen to his wife, Anna, on the ground that they were made "with intent to hinder, delay, and defraud the creditors of the said A. S. Olsen, and particularly the plaintiff herein." The separate answers of the defendants admit the conveyances, but deny the alleged intent thereby to hinder, delay, or defraud any creditor of A. S. Olsen. Judgment passed for the defendants, and the plaintiff brings this appeal from an order denying his motion for a new trial.

1. The court found, among other things, that neither of the conveyances was made with intent to hinder, delay, or defraud any creditor of A. S. Olsen, and also found that A. S. Olsen never had any beneficial interest in the land, though the naked legal title had been vested in him for the use and benefit of his wife, whose equitable title was her separate property. Counsel for appellant contend that these findings are not justified by the evidence. If the finding that the conveyances were not made with intent to hinder, delay or defraud the plaintiff, or any other creditor of A. S. Olsen, is justified by the evidence, it disposes of the appeal in favor of the respondents, so far as the facts are concerned, even though creditors may have been hindered and delayed by those conveyances (Bull v. Bray, 89 Cal. 286, 13 L. R. A. 576, 26 Pac. 873; Windhaus v. Bootz, 92 Cal. 617, 28 Pac. 557); and that the evidence is sufficient to justify this finding is so plainly apparent that no statement of it, in detail, is necessary in this opinion.

2. It is contended for appellant that the court erred in denying plaintiff's motion to strike out certain parts of the separate answers of defendants, on the alleged ground that such parts of their answers "are sham and irrelevant and

redundant.'' It does not appear that any part of the answers was sham. The seventh paragraph of each answer, alleging the declaration and recording of a homestead by the wife, and the tenth paragraph, alleging a novation of promissory notes from the husband to plaintiff, may be conceded to be insufficient defenses; but the first does not affect the issue as to the intention of defendants to delay or defraud creditors by the conveyance of the land from the husband to the wife, and therefore does not affect, and is not necessary to support, the judgment. As to the novation of the promissory notes, the court found that the plaintiff had obtained a valid judgment upon the original notes, which was a lien upon all real property of A. S. Olsen in the county of San Joaquin. This, by implication, negatived the novation of the notes, and defeated any possible effect on the tenth paragraph of the answer. All the allegations and findings relating to the homestead and to the novation of notes may be stricken from the record without any possible effect upon the judgment. As to other parts of the answers comprehended in the motion to strike out, the most that can be fairly claimed is that some of them are averments of evidentiary facts tending to negative the alleged fraudulent intent of the defendants, and to prove that the entire equitable estate in the land was the separate property of the wife; but this was one of the grounds of the motion. Besides, the striking out of all such parts of the answers would not have curtailed the evidence given upon the issue as to the alleged fraudulent intent.

3. It is claimed that the court erred in excluding certain letters written by defendants to plaintiff, offered by plaintiff to show the financial condition of A. S. Olsen at the time he conveyed the land to his wife. It is averred in the complaint that, at all the times therein mentioned, A. S. Olsen was insolvent, and had no other property not exempt from execution than the land in question. This averment was not denied, and the court expressly found it to be true; therefore the exclusion of the letters was neither injurious to the plaintiff nor erroneous. I think the order should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.