[L. A. No. 2175. In Bank.—March 28, 1910.]

# VICTOR H. SCHWARTING, Appellant, v. EMORY W. CARPENTER, Respondent.

LEASE OF FARM LAND—TIME FOR IMPROVEMENTS—SILENCE OF LEASE—CONSTRUCTION.—Under a lease of three hundred and forty acres of farm land, dated September 1, 1906, for a period of five years commencing October 1, 1906, where the lessor covenanted to build a house and barn on the premises, and to furnish materials for other improvements, which is silent as to the time when the improvements should be made, in the absence of any other agreement, the lessor would have been obliged to perform the stipulated acts within a reasonable time.

ID.—ACTION TO RESCIND LEASE—PLEADINGS—ISSUES AS TO AGREEMENT—FINDING OUTSIDE ISSUES.—In an action to rescind the lease for failure to complete the improvements and give possession as agreed, where the complaint alleges an understanding that the improvements were to have been, and with reasonable diligence could have been, completed before the beginning of the term, and the answer took issue thereon and alleged that at the date of the lease the county was taking legal steps to open a road passing through the land leased, and that the parties agreed that the location of the improvements would be determined after said road had been "definitely located," and that it was not "definitely located" until October 25, 1906, a finding that they agreed that the improvements should be placed thereon as soon as defendant could do so after said county road was located and "*built*," and that it was not "*built*" until on or after October 25, 1906, was outside of the issues.

ID.—ABSENCE OF SPECIFIC FINDING ON AVERMENTS OF COMPLAINT—INEFFECTIVE GENERAL FINDING.—In the absence of any specific finding on the averments of the complaint that the improvements were to be erected before the commencement of the term, and that with reasonable diligence the defendant could have completed them by that time, a general finding that "no allegation contained in the amended complaint or in the answer thereto is true, save and except as hereinbefore found," is too vague and indefinite for any purpose.

ID.—"LOCATION" OF ROAD.—Though the term "located" as applied to a road may be ambiguous, and may refer either to the fixing of the line which the road is to occupy or to the actual construction of the road upon the ground, yet the word "location," as used in section 2689 of the Political Code, as to the establishment of highways, plainly refers to proceedings designed to fix the line of the highway at a time prior to the actual construction and opening of the road.

ID.—CONSTRUCTION OF ANSWER.—The answer alleging the pendency of proceedings to open and establish a road, and stating that the loca-

tion of improvements was to be fixed after the road had been "*definitely located*" through said land, and convenient to the road when it was opened and ready for travel, can only be fairly interpreted as alleging an agreement whereby the erection of the improvements was to be deferred until the line of the road should be definitely established and known, so that the improvements should be convenient to such road when it should be actually built.

ID.—EFFECT OF FINDING—IMPROPER EXCUSE FOR DELAY.—The effect of the finding that the improvements were to be erected after the road was located and "built" through the land was to excuse the delay of the defendant on a ground not asserted in the answer.

ID.—ERROR IN OVERRULING OBJECTION TO EVIDENCE.—Where the plaintiff objected to evidence of the time when the road was actually constructed, basing his objection specifically on the ground that the answer alleged that the improvements were to be erected "as soon as the county road should be located, not as soon as it should be built or constructed," the overruling of such objection was prejudicial error, since it led to an improper finding upon which the judgment was erroneously based.

APPEAL from an order of the Superior Court of San Luis Obispo County denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

S. V. Wright, and T. A. Norton, for Appellant.

W. H. Spencer, for Respondent.

SLOSS, J.—Action on the part of lessee to rescind a written lease and recover moneys paid in advance on account of rental reserved therein. Judgment went for defendant, and the appeal is from an order of the court denying plaintiff's motion for a new trial.

By the terms of the lease, dated September 1, 1906, the premises, consisting of three hundred and forty acres of land, were demised for a period of five years, commencing on October 1, 1906. The lessor, defendant herein, covenanted that he would erect on the land a house of not less than five rooms, together with a barn, and furnish the materials for making other minor improvements, plaintiff agreeing to furnish the labor of one man in the performance of the work. The lease was silent as to the time when these improvements were to be made. On October 13, 1906, nothing having been done toward making the improvements, plaintiff served upon

defendant a notice of his intention to rescind said contract of lease, and demanded the repayment of the amount which he had upon the execution of the lease paid to defendant on account of rental of the premises.

The grounds for rescission stated in said notice and in the complaint were the failure on the part of defendant to make the improvements called for in the lease, and that defendant had failed and omitted to deliver possession of the premises on October 1, 1906. The only questions requiring discussion here are those relating to the first ground. If there was no default by the lessor with respect to the improvements, the court's findings, sufficiently supported by the evidence, showed a good excuse for the failure to deliver possession at the beginning of the term.

As has been said, the lease was silent on this subject and contained no express stipulation concerning the time when the improvements were to be made. In the absence of any other agreement, the lessor would have been obliged to perform the stipulated acts within a reasonable time. (Civ. Code, sec. 1657.) The complaint alleges an understanding that the improvements should be made prior to the commencement of the term, and further avers that with reasonable diligence the defendant could have completed said improvements before the commencement of said term. The answer denies all the allegations of the complaint. In addition, it alleges that on September 1, 1906, the county of San Luis Obispo was taking legal steps to open and establish a county road from Oceano to Pismo, passing through the lands described in the lease; that the plaintiff and the defendant agreed that the location of the improvements to be placed on the land by defendant would be fixed and determined "after said road had been definitely located through said land, and convenient to such road when the same was opened and ready for travel. That said road, and the line and route thereof through said land, was not definitely located until October 25, 1906."

The finding was that the parties agreed "that the improvements . . . should be placed thereon as soon as the defendant could do so after a county road from Oceano to Pismo was located and built through said land. That said road through said land was not built through said land until on or after

October 25, 1906." This was the only finding on the question of the time agreed upon for the erection of improvements. There was no specific finding on plaintiff's averments that such improvements were to be erected before the commencement of the term, and that with reasonable diligence the defendant could have completed them by that time. The general finding that "no allegation contained in the amended complaint or in the answer thereto, is true, save and except as hereinbefore found" is "too vague and indefinite for any purpose." (*Perkins* v. *West Coast Lumber Co.*, 120 Cal. 27, [52 Pac. 118].)

The judgment was evidently based upon the special finding regarding the agreed time for the making of the improvements. As to this the appellant contends, and we think rightly, that the finding is beyond the issues. The allegation of the answer is that the improvements were to be placed after the proposed road had been definitely located. The term "located," as applied to a road, is of uncertain significance. It may refer to the fixing of the line which the road is to occupy (*Foster* v. *Park Comm'rs*, 133 Mass. 321; *Turner* v. *Thorntown etc. Road Co.*, 33 Ind. 317), or to the actual construction of the road upon the ground. (*Moule* v. *Macedon etc. Road Co.*, 6 How. Pr. 37; *Nashville etc. R. R. Co.* v. *Jones*, 42 Tenn. 574; *Westfield Borough* v. *Tioga Co*, 150 Pa. St. 152, [24 Atl. 700].) Whether one or the other meaning is to be given depends upon the context. The word "location" appears in section 2689 of the Political Code, a part of the chapter relating to the establishment of highways. As there used, it plainly refers to proceedings designed to fix the line of the highway, at a time prior to its actual construction and opening. The answer in this case undertook to describe proceedings under this very chapter. But, apart from this consideration, we think there can be no doubt that the word "located," as used in the answer, was meant to describe the act of the public officials in determining the place which the road was to occupy. The pleading alleges the pendency of proceedings by the county to open and establish a road. It states that the location of the improvements was to be fixed after the said road had been *definitely located* through said land and convenient to the road when the same was opened and ready for travel. The addition of the adverb "definitely" is significant. It would

have been useless if the word "located" had meant actually constructed. Again, the pleader himself distinguishes between the terms "located" and "opened and ready for travel." The only fair interpretation of defendant's answer is that he alleged an agreement whereby the erection of the improvements was to be deferred until the line of the proposed road should be definitely established and known, so that the improvements should be convenient to such road when the latter should be actually built. .

The finding of the court was, however, that the parties agreed that the improvements should be erected as soon as the county road was located *and built* through said land, and that the road was not *built* until October 25, 1906. The effect of this finding was to excuse the delay of the defendant upon a ground not asserted in the answer. Whether the presence of a finding beyond the issues is ground for new trial need not be decided. The point is presented by the record in another way. The plaintiff objected to evidence of the time when the road was actually constructed, basing his objections specifically on the ground that the answer alleged that the improvements were to be erected "as soon as the county road should be located, not as soon as it should be built or constructed." The objection was overruled. This was error and the error was clearly prejudicial, since it led directly to the making of a finding upon which the court obviously based its conclusion.

Numerous other points are made by the appellant, but we think the foregoing discussion disposes of the only matters of importance which seem likely to arise upon a new trial.

The order is reversed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.