[S. F. No. 6773.    Department Two.—October 27, 1915.]

## CERRUTI MERCANTILE COMPANY, Appellant, v. SIMI LAND COMPANY, Respondent.

SALE—BREACH OF WARRANTY OF QUALITY OF BRANDY—FINDING—EVIDENCE.—In this action for breach of warranty of the quality of certain brandy sold by the defendant to the plaintiff, the finding that at the time of delivery the brandy was of the quality contracted for, based upon the testimony of the defendant's employees with respect to inspections of its quality made shortly before delivery, is held supported by the evidence, notwithstanding the testimony of experts as to its inferior quality, based upon samples taken nearly two years after delivery.

ID.—PRESUMPTION AS TO QUALITY.—Presumptions do not run backward, and there is no presumption that the brandy at the time of delivery was of the same quality that it was shown to be two years afterward.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John L. Childs, Judge presiding.

The facts are stated in the opinion of the court.

D. Freidenrich, for Appellant.

J. T. Coffman, for Respondent.

MELVIN, J.—Plaintiff appeals from an order denying its motion for a new trial.

The action was one for damages for breach of warranty. Defendant, a distiller, agreed to sell to plaintiff about five thousand gallons of brandy of the vintage of 1910. Defendant warranted that the brandy, known as "grappa," would be identical in quality with the best grade distilled at the Simi Land Company's manufactory at Healdsburg. Defendant delivered and plaintiff accepted something more than five thousand gallons of brandy and plaintiff paid for it the agreed purchase price of $2,283.72. The court found that pursuant to the contract pleaded in the complaint defendant made delivery to plaintiff at a United States government bonded warehouse in San Francisco of 3,992.79 gallons of brandy contained in 60 barrels and 33 half barrels and a few days later the remainder of the brandy in 24 barrels. It was further found that the liquid contained in the 60 barrels and 33 half barrels was "at the date of delivery, to wit, on the fourth day of January, 1911, brandy known as grappa, of the identical quality and of the best grade made and distilled by defendant at its distillery at Healdsburg, Sonoma County, California." Plaintiff did not question the quality of the brandy in the 24 barrels.

There was a conflict in the testimony of the witnesses relating to the quality of the brandy and there was enough evidence to support defendant's claim that the liquor was according to the standard set by the contract. G. Gondola, the defendant's distiller, testified that when the brandy which was made for delivery to the Cerruti Mercantile Co., left the distillery it was "first rate brandy" and of the same quality as that which he had previously made. Fred I. Haigh, manager for the Simi Land Company, testified that all of the brandy shipped to plaintiff was of the average quality of the defendant's "grappa,"—that it was "no worse or better than any other of the grappa we had been in the habit of turning out." The testimony given on behalf of plaintiff in respect to the quality of the brandy was based upon samples taken nearly two years after delivery, although the president of the plaintiff corporation testified that he had obtained samples about two months after the corporation had bought the brandy. Plaintiff's counsel contend that the testimony of the defendant's distiller and of its manager is of no weight, as "neither

of them inspected the brandy or sampled it at the time or after delivery.'' But their testimony did relate to a time not very long before delivery, and defendant's case is aided by the presumption defined in paragraph 32 of section 1963, Code of Civil Procedure, that ''a thing once proved to exist continues as long as is usual with things of that nature.'' Plaintiff's testimony respecting the quality of the brandy at the time of delivery is based upon samples drawn many months after the grappa was sent to the warehouse. The burden of proof was upon plaintiff, and instead of depending upon the samples taken shortly after the sale and acceptance of the commodity, that corporation sought to establish its damage by opinions of experts regarding the samples procured long subsequently. Plaintiff's case would seem to depend, therefore, upon a presumption that a present state of facts shown must have been in existence for a long time—a presumption which the law does not recognize. Presumptions do not run backward. (*Windhaus* v. *Bootz*, 92 Cal. 622, [28 Pac. 557].) The court was in a position to weigh the testimony of the agents of the manufacturer, who described the quality of the brandy when it left the distillery after inspection by the gaugers, as against that of the experts who gave opinions based upon the samples produced in court. With the court's conclusion after consideration of the conflicting testimony we may not interfere.

The order from which plaintiff appeals is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.