[Civ. No. 4171.   Second Appellate District, Division One.—May 24, 1923.]

IMPERIAL WATER COMPANY No. 1 (a Corporation), et al., Respondents, v. IMPERIAL IRRIGATION DISTRICT et al., Respondents; IMPERIAL LAGUNA WATER COMPANY (a Corporation), Intervener and Appellant.

[1] Injunction—Action to Prevent Payment of Money in Settlement of Controversy — Existence of Contract — Finding—Evidence.—In this action by certain independent water companies to enjoin an irrigation district from paying a sum of money to another water company on account of an alleged contract of settlement of a controversy with respect to the diversion and use of water from a certain river, in which action the latter company intervened, the finding of the trial court to the effect that no contract was ever entered into between said irrigation district and intervener, "or anyone on its . . . behalf," was amply supported by the evidence.

[2] Id.—Material Issues—Absence of Findings—Reversible Error. The failure of the trial court to find upon material issues is prejudicial error for which a new trial should ordinarily be granted; but a judgment will not be reversed on that account where, if the findings were in favor of appellant, no different judgment could be entered.

[3] Id. — Failure to Find on Subsidiary Allegations. — In such action, the trial court having found that no contractual relation ever existed as between the irrigation district and the water company, intervener, and all the other allegations having been subsidiary and dependent upon that fact so far as the complaint in intervention was concerned, it was immaterial whether the court found for or against such other allegations, or whether there was any finding whatsoever with respect thereto.

[4] Id.—Appeal—Reversal—Prejudicial Error.—An appellant must not only show error, but he must also show that he is really harmed thereby before the appellate court will be justified in ordering a reversal of the judgment because of such error.

[5] Id.—Cross-examination of Witnesses—Lack of Prejudice.—In this action by certain independent water companies to enjoin an irrigation district from paying a sum of money to another water company on account of an alleged contract of settlement of a controversy with respect to the diversion and use of water from a certain stream, in which action the latter company intervened, conceding that, under the pleadings in the case and the admissions

and stipulations of counsel representing respectively the plaintiffs and defendant irrigation district, plaintiffs did not have the right, under section 2055 of the Code of Civil Procedure, to examine the officers and the directors of defendant irrigation district as under cross-examination, the course pursued by the trial court in permitting such examination resulted in no prejudice to intervener.

APPEAL from a judgment of the Superior Court of Imperial County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. L. Childers for Appellant.

Stuart M. Salisbury and Wm. B. Himrod for Respondents.

HOUSER, J.—On the sixth day of July, 1917, Imperial Laguna Water Company entered into a contract with the United States Government with respect to the diversion and use of water from and of the Colorado River. By the terms of the contract, under certain conditions therein specified, the United States government had the right to cancel the contract. However, without a formal cancellation of that contract, on October 23, 1918, the United States government entered into another contract with a different company—the Imperial Irrigation District—covering practically the same subject matter as did the former contract between the United States government and the Imperial Laguna Water Company. The respective rights of the two companies being in conflict, an effort was then made by the Irrigation District to have the contract between the United States government and the Laguna Company canceled by the United States government. Representatives of each of the two companies were in attendance at Washington, D. C., for a considerable time, and, after a hearing before the Secretary of the Interior on the eighth and the ninth days of April, 1921, the Secretary of the Interior, on the tenth day of April, decided that the said contract should be canceled; the order to that effect being signed by him three days later. Prior to as well as after that time some negotiations had taken place between the representatives of the two separate companies looking to a settlement of the controversy. The case

came into court by reason of the fact that certain other independent water companies (the plaintiff's herein), located in the Imperial Valley, considering themselves and their stockholders aggrieved because the Irrigation District was about to pay to the Laguna Company a large sum of money on account of an alleged contract of settlement of the controversy between the two companies (which would result in the levy of a tax by the Irrigation District against the lands owned by the said stockholders), brought a suit seeking to enjoin the Irrigation District from paying the same, and the Laguna Company intervened. The lower court decreed in favor of the complainants and the Laguna Company has appealed.

There are several specifications of error and many reasons urged for a reversal—the principal points being with reference to the power or authority of the Irrigation District to make any contract of settlement with the Laguna Company; the power or authority of the representatives of the Irrigation District to bind it by any contract; the sufficiency of the evidence to support the findings and the judgment; the sufficiency of certain findings by the court; the admission of certain evidence and the rejection of certain other evidence by the court. [1] However, the principal question involved is whether or not there was a "meeting of the minds"—that is to say, was there ever a definite proposal made by the one side which was unqualifiedly accepted by the other. As to that point the court found "that no contract has ever been entered into between the said district and the said Imperial Laguna Water Company, . . . or anyone on its . . . behalf." An examination of the evidence discloses the fact that such finding is amply supported by the evidence and, while the evidence may be conflicting, the rule of law is of long standing that in such circumstances the finding cannot be disturbed. Such being the case, the questions of the power or the authority of either the corporation or its representatives to enter into a contract of the nature of the alleged contract here under consideration become unnecessary of decision by this court.

Finding No. 13 by the court was as follows: "That except as herein specially found to be true, all and singular the allegations contained in paragraphs 5, 6, 9, 10, 11, 12, 13, 14, 15, and 16 of the first cause of action of intervener's

complaint, and denied by the plaintiffs or defendants, are untrue.''

Many decisions by the supreme court of this state are to the effect that a finding of such a nature is so vague and so indefinite that in certain circumstances it may be insufficient to support a judgment. (*Ladd* v. *Tully*, 51 Cal. 277; *Johnson* v. *Squires*, 53 Cal. 37; *Harlan* v. *Ely*, 55 Cal. 340; *Bank of Woodland* v. *Treadwell*, 55 Cal. 379; *Goodnow* v. *Griswold*, 68 Cal. 599 [9 Pac. 837]; *Williams* v. *Hall*, 79 Cal. 606 [21 Pac. 965]; *Perkins* v. *West Coast Lumber Co.*, 120 Cal. 27 [52 Pac. 118]; *Krug* v. *Lux Brewing Co.*, 129 Cal. 322 [61 Pac. 1125]; *Holt Mfg. Co.* v. *Collins*, 154 Cal. 265 [97 Pac. 516]; *Schwarting* v. *Carpenter*, 157 Cal. 432 [108 Pac. 318].)

Finding No. 13 refers to certain paragraphs of the first cause of action of the complaint in intervention, the gist of which allegations is that the United States is the owner of a diversion dam; that it entered into a contract with the intervener with reference to the water impounded therein; that intervener has complied with each and all of the terms contained within said contract and that said contract has remained in full force and effect from the time it was drawn on July 6, 1917, up to the date of its cancellation on April 13, 1920; that intervener never waived nor agreed to waive any of its rights thereunder; that certain offers were respectively made and rejected by the Laguna Company to the Irrigation District and by the Irrigation District to the Laguna Company; that on April 9, 1921, it was agreed between intervener and the Irrigation District to submit the controversy existing between them to an arbitration commission to be appointed by the Secretary of the Interior, who was cognizant of the dispute and differences between intervener and the Irrigation District; that thereafter and on the thirteenth day of April, 1920, and in pursuance of said agreement to arbitrate, the Secretary of the Interior canceled the contract between the United States government and the intervener, and that he thereupon appointed the said arbitration commission; that the reason for the cancellation of said contract was in order that an equitable settlement might be effected as between intervener and the Irrigation District, which cancellation the Secretary of the Interior would not have ordered in the absence of the agreement to

arbitrate as between intervener and the Irrigation District; that the arbitration commission made an award in favor of intervener, no part of which has been paid, and that intervener, relying in good faith upon said agreement to arbitrate, took no appeal from the said order of cancellation by the Secretary of the Interior.

As heretofore stated, the basic question in this matter upon the decision of which the case must ultimately rest is, Was there ever any agreement between the Irrigation District and the Laguna Company? The judge of the superior court before whom the suit was heard has answered that question in the negative and this court is bound by his conclusion as to the facts in that regard. What effect, if any, is produced on the judgment by a failure (assuming it to be such and that a finding covering such allegations is not elsewhere contained within the findings of the court) to find on the issues as presented by the paragraphs of the complaint in intervention to which reference has heretofore been made remains to be determined. The most that could be expected by appellant would be a finding by the court that each fact as alleged in the several paragraphs of its complaint in intervention (other than the fact of the alleged contract between intervener and the district) is true. But even so, it still leaves appellant without foundation for a judgment in its favor. [2] The failure to find upon material issues is prejudicial error for which a new trial should ordinarily be granted (*Great Western Gold Co.* v. *Chambers,* 153 Cal. 307 [95 Pac. 151] ; *Swift* v. *Occidental M. & P. Co.,* 141 Cal. 166 [74 Pac. 700] ; *Haight* v. *Tryon,* 112 Cal. 6 [44 Pac. 318] ; *Knight* v. *Roche,* 56 Cal. 17) ; but a judgment will not be reversed on that account where, if the findings were in favor of appellant, no different judgment could be entered. (*Porter* v. *Woodward,* 57 Cal. 535; *McCourtney* v. *Fortune,* 57 Cal. 617; *Murphy* v. *Bennett,* 68 Cal. 528 [9 Pac. 738] ; *Dyer* v. *Brogan,* 70 Cal. 136 [11 Pac. 589] ; *Spotts* v. *Hanley,* 85 Cal. 156 [24 Pac. 738] ; *Windhaus* v. *Bootz,* 92 Cal. 617 [28 Pac. 557] ; *Southern Pac. R. R. Co.* v. *Dufour,* 95 Cal. 615 [19 L. R. A. 92, 30 Pac. 783] ; *Merrill* v. *Merrill,* 102 Cal. 317 [36 Pac. 675] ; *Morrison* v. *Stone,* 103 Cal. 94 [37 Pac. 142] ; *Gould* v. *Adams,* 108 Cal. 365 [41 Pac. 408] ; *Sewell* v. *Price,* 164 Cal. 265 [128 Pac. 407].) [3] The trial court having found that no contractual

relation ever existed as between the Irrigation District and the Laguna Company, and all the other allegations being subsidiary and dependent upon that fact so far as the complaint in intervention is concerned, it is immaterial whether the court found for or against such other allegations, or whether there was any finding whatsoever with respect thereto. The determination by the court of the one outstanding issue is sufficient in itself. It absolutely controls the other issues in the case, regardless of any decision which the court might have made with reference to them. [4] Appellant must not only show error, but must also show that it is really harmed thereby before the court, on account of such error, will be justified in ordering a reversal of the judgment. (*National Bank of San Mateo* v. *Whitney,* 40 Cal. App. 276 [180 Pac. 845].)

Concerning a question of the failure of the court to find on several material issues and because certain material findings were conflicting and irreconcilable, it is said in *Black* v. *Harrison Home Co.,* 155 Cal. 132 [99 Pac. 499], that ''the answer to interveners' claim as to conflicting findings lies in the fact that there is no conflict in the findings as to the execution of the contract. It is positively and unequivocally found that the defendant never entered into either of these contracts, and the other findings contain nothing inconsistent with this. In view of the condition of the pleadings and the issues made thereby, these findings wholly dispose of interveners' case, and necessitate judgment against them, regardless of the other issues made by the pleadings. It is therefore immaterial here whether other findings are sufficiently supported by the evidence, whether there are findings upon other issues, and whether findings in regard to some other issues are conflicting or unintelligible.''

In *Smith* v. *Smith,* 173 Cal. 725 [161 Pac. 495], which was a suit upon conflicting claims to real property which involved the quieting of title thereto and where the court failed to find upon certain material issues, namely: upon the common grantor's mental condition at the time when one of the deeds was made, upon the matter of alleged unfair advantage over the grantor taken by defendant, upon the question of consideration for the deed to defendant, upon the motives of defendant in marrying the common grantor, and upon the subject of the alleged plan to obtain

the property by evil designs, the court said: "Findings upon these aspects of the litigation were not necessary in view of the judgment that there had been a valid delivery of the deeds to the plaintiffs in escrow and that defendant then had full knowledge of that transaction. The determination of the last-named issues controlled the judgment. This court will not reverse a judgment because of failure to make findings which would not necessitate a different judgment, even if they were made and entered in the appellant's favor. (Citing cases.)"

And see also, *Fritz* v. *Mills,* 170 Cal. 449 [150 Pac. 375]; *National Bank of San Mateo* v. *Whitney,* 40 Cal. App. 276 [180 Pac. 845]; *Berry* v. *Crowell,* 55 Cal. App. 534 [203 Pac. 835].

Appellant's objections to certain other findings by the court, which ordinarily might be of some moment, also lose their importance because of the fact that they, too, revolve around and are necessarily controlled by the main issue as to whether or not any contract was ever made between the Irrigation District and the Laguna Company.

The judge of the trial court refused to admit in evidence a certain exhibit offered by intervener for the purpose of showing what had been done by it under its contract with the United States government, in order that the fact might be established that the cancellation of the contract could have been resisted with likelihood of success. But assuming as true all that was claimed would be shown by the exhibit, as well as its possible result on the question of cancellation of the contract by the United States government in view of the decision by the court as to the nonexistence of any contract between the Irrigation District and the Laguna Company, such evidence would be immaterial.

[5] Another point urged by appellant relates to the fact that over the objection of intervener the court, under the provision of section 2055 of the Code of Civil Procedure (as amended by Stats. 1917, p. 58), permitted certain officers and directors of the defendant Irrigation District to be examined by the plaintiffs as under cross-examination. The most that can be said against even the cross-examination of one's own witness is that he is thereby permitted to answer leading questions, and it is well understood that answers to leading questions do not deserve, nor are they accorded, the

same credence as is given to answers to questions not in that category. It is purely a matter of the weight of such testimony, and the objection to such questions relates more to the weight of the evidence to be received, rather than to its admissibility. If, under the pleadings in this case and the admissions and stipulation of counsel representing respectively the plaintiffs and defendant Irrigation District, the examination of the officers of the Irrigation District as under cross-examination amounted to nothing more than asking leading questions of such officers, the rule is well settled that such a course may be pursued, dependent upon the discretion of the court. That such discretion was carefully exercised is manifest by an inspection of the record herein. Assuming, without deciding, that in the circumstances of this case the plaintiffs did not have the right, under section 2055 of the Code of Civil Procedure, to examine the officers and the directors of the defendant Irrigation District as under cross-examination, still the course pursued by the trial court resulted in no prejudice to the intervener company.

There appears to have been no miscarriage of justice. The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1923.