16 Cal.App.2d 275 (1936)
ERNEST C. STRAUCH, Appellant,
v.
BONNIE VERNE BIELOH et al., Respondents.
Civ. No. 5384. 
California Court of Appeals. Third Appellate District. 
August 26, 1936.
 James F. Gaffney and Leo F. Granucci for Appellant.
 Gerald M. Desmond and Stanley W. Reckers for Respondents.
 Thompson, J.
 The plaintiff has given notice of appeal from the judgment which was rendered against him in a suit for damages for personal injuries sustained in an automobile collision which occurred at the intersection of Twenty-ninth and T Streets in Sacramento, and from the automatic denial of his motion for a new trial for failure on the part of the court to affirmatively pass upon the motion within sixty days from the filing of the notice of intention to apply therefor, under the provisions of section 660 of the Code of Civil Procedure. The cause was tried by the court sitting without a jury. The court adopted findings to the effect that the accident occurred through no fault of the defendants.
 [1] The purported appeal from the automatic denial of plaintiff's motion for a new trial is ineffectual and it is therefore dismissed. The right of appeal is entirely statutory. (4 Cal.Jur. 111, sec. 4.) Since the amendment of section 963 of the Code of Civil Procedure in 1915, the right to appeal from an order denying a motion for new trial ceased to exist. It has been frequently declared that no right of appeal from such an order now exists. (Heine Piano Co. v. Bloomer, 183 Cal. 398 [191 P. 900]; Marsh v. Lapp, 180 Cal. 231 [180 P. 533]; Roberts v. Colyear, 179 Cal. 669 [180 P. 937]; Rockey v. Vieux, 179 Cal. 681 [178 P. 712]; Nordin v. Eagle Rock State Bank, 139 Cal.App. 584 [34 PaCal.2d 490]; Hurd v. Walker, 9 Cal.App.2d 525 [50 PaCal.2d 1074].)
 [2] Moreover the plaintiff's motion for a new trial was based wholly on affidavits averring newly discovered *281 evidence which is merely cumulative. They recite facts which the plaintiff proposes to prove on a rehearing of the cause by a witness who was undiscovered at the time of the trial, which similar facts were testified to by the plaintiff himself. This cumulative evidence is to the effect that the defendants' machine was driven onto the intersection where the collision occurred at the rate of 30 or 35 miles an hour, and that the plaintiff's car entered the intersection at only about 15 miles an hour, ahead of the defendants' automobile. These facts were controverted by the defendants at the trial. The mere cumulation of evidence on those issues does not entitle the plaintiff to a new trial as a matter of law, for it does not appear this new and additional testimony would change the result of the trial. On a mere matter of credibility of witnesses the court would still have the right to believe the defendants' testimony upon those points even against a greater number of witnesses who corroborate the statements of the plaintiff. [3] The granting or denying of a motion for new trial even on the ground of newly discovered evidence is largely in the discretion of the trial judge. His determination of the motion for new trial will not be disturbed on appeal except upon manifest abuse of discretion, which does not appear in the present case. (20 Cal.Jur. 81, sec. 58.)
 This rule with respect to an abuse of discretion, applies with equal force, when the motion for new trial is automatically denied under the provisions of section 660 of the Code of Civil Procedure for failure to affirmatively pass upon the motion within sixty days after filing the notice of intention to move for a new trial. That section provides that the effect of a failure to pass upon the motion within the time allowed by law "shall be a denial of the motion". The discretion of the trial judge must be deemed to have been exercised in permitting the motion to be denied by lapse of time exactly the same as though that discretion were used in affirmatively passing on the motion.
 [4] The record contains ample evidence to support the findings and judgment. The court found that "Said collision was caused through no negligence on the part of the defendant Bonnie Verne Bieloh," who was driving the defendants' automobile at the time of the accident. *282 This is a sufficient finding of the ultimate fact of the absence of negligence on the part of defendants to relieve them from liability. [5] The answer did affirmatively allege that the plaintiff's injuries were sustained as a result of his own negligence, and the court failed to adopt findings in that regard. But that omission is harmless. An affirmative finding that the plaintiff was also free from negligence would not conflict with the finding exempting the defendants from liability nor would it change the result of the trial.
 It is established law that even though the court fails to adopt findings on material issues involved in the case the judgment will not be reversed on that account provided the adoption of such omitted findings would not require the rendering of a different judgment from that which was rendered. (Imperial Water Co. v. Imperial Irr. Dist., 62 Cal.App. 286 [217 P. 88]; Hertel v. Emireck, 178 Cal. 534 [174 P. 30]; 2 Cal.Jur. 1033, sec. 614.)
 [6] While there is a conflict of evidence respecting the speed of the machines and regarding the question as to which automobile first entered the intersection of the streets, and other circumstances affecting the conduct of the drivers of the respective cars, there is sufficient evidence to support the court's finding that the collision did not occur through the negligence of the driver of defendants' automobile. Bonnie Verne Bieloh, who drove the defendants' Dodge sedan, testified that she approached the intersection which was entirely free of traffic, at the rate of 20 to 25 miles an hour; that she looked both ways for machines and saw the plaintiff's Ford pickup approaching the intersection over a quarter of a block away at about 35 or 40 miles an hour; that she entered the intersection far ahead of the plaintiff's machine, and thought she had ample time to cross before his car arrived. Assuming that the court believed those statements to be true, the defendants' machine having entered the intersection first had the right of way, and the plaintiff should have slackened his speed and permitted the defendants' automobile to pass ahead of his car. Section 550 of the California Vehicle Code provides in that regard:
 "Vehicle approaching or entering intersection. (a) The driver of a vehicle approaching an intersection shall yield *283 the right of way to a vehicle which has entered the intersection from a different highway."
 There is ample evidence to indicate that the driver of the defendants' machine used due caution in approaching and attempting to cross the intersection. On the contrary, the plaintiff testified, "As I approached the intersection I didn't see any cars in sight. ... I proceeded to go on through, and when I got to the center of the street, from my left I glanced around again and there was a car acoming, and just about that instant it struck me on the rear wheel." This indicates that the plaintiff must have been careless in looking for other cars or he would have seen the defendants' machine, for the crossing was unobstructed except for the two automobiles which were involved in the collision.
 [7] The appellant contends that negligence of the driver of defendants' car was shown by the testimony of a witness who declared that Miss Bieloh said, "If her foot hadn't slipped off the brake that she wouldn't have hit him." The record shows that Miss Bieloh denied making that remark. She said, "No, I don't remember saying that. Q. What is the fact; do you recall whether or not your foot slipped off the brake when you applied it? A. It did not." Even though her foot did slip from the brake in trying to apply it in an emergency, that does not prove that she was negligent in that regard. It merely indicates that she saw the emergency and was trying to avoid it.
 The appeal appears to be without substantial merit.
 The judgment is affirmed.
 Pullen, P. J., and Plummer, J., concurred.